IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-143 (RDA) |
| | ) | |
| SEBASTIAN ENRIQUE MARSET CABRERA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on the Government's Consent Motion to Continue Status Conference (the "Motion") (Dkt. 83).  On March 31, 2026, the Government filed a motion for complex case designation.  Dkt. 75.  At the arraignment of Defendant Sebastian Enrique Marset Cabrera on April 1, 2026, Defendant agreed that the case was complex, and the Court observed Defendant review and sign a speedy trial waiver with his counsel and a translator.  Dkt. 78.  The parties also jointly requested that the Court set a status conference on May 20, 2026, rather than immediately set a trial date, to give defense counsel time to review discovery and for the parties to discuss potential resolution of the case.  Thus, for the reasons stated in the Government's motion for complex case designation—including the extraterritorial nature of the case, the substantial pretrial discovery requiring translation, and the outstanding discovery requests to a foreign country pursuant to treaty—as well as Defendant's agreement and waiver of speedy trial, the Court found that the case was so complex that it is unreasonable to expect adequate preparation for trial within the speedy trial timeframe under 18 U.S.C. § 3161(h)(7)(B)(ii), and that the ends of justice were served by setting trial beyond the speedy trial timeframe and that the ends of justice outweighed the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

In the instant Motion, the Government reports that it has turned over voluminous discovery and has made a plea offer to the defense. Dkt. 83 ¶ 4; Dkt. 82. The parties accordingly request that the status conference in this case be continued until July 1, 2026, to provide defense counsel additional time to conduct a more fulsome review of the Government's discovery, to meet further with their client, and to continue plea negotiations. Dkt. 83 ¶ 5. With the advice and consent of counsel, Defendant signed the Motion and waived any objections under the Speedy Trial Act to the continuance. *Id.* ¶¶ 6, 7; *id.* at 4.

Therefore, based on the Court's prior finding that the case is complex, the parties' representations about the voluminous nature of discovery and ongoing plea negotiations, as well as Defendant's agreement and further waiver of speedy trial, the Court FINDS that the case continues to be so complex that it is unreasonable to expect adequate preparation for trial within the speedy trial timeframe under 18 U.S.C. § 3161(h)(7)(B)(ii), that the ends of justice continue to be served by setting trial beyond the speedy trial timeframe, and that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Accordingly, it is hereby

ORDERED that the Motion (Dkts. 81, 83) is GRANTED; and it is

FURTHER ORDERED that the status conference in this matter is RESET for July 1, 2026, at 10:00 a.m.; and it is

FURTHER ORDERED that the time from March 16, 2026, through July 1, 2026, is excluded from the speedy trial calculation.

It is SO ORDERED.

_____ /s/ _____
Rossie D. Alston, Jr.
United States District Judge

Alexandria, Virginia
May 15, 2026

2