UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO DISMISS COUNT THREE
OF THE SECOND SUPERSEDING INDICTMENT**

**INTRODUCTION**

The defendant is charged in Count Three of the Second Superseding Indictment (hereinafter "SSI") with Conspiracy To Commit Money Laundering, in violation of 18 United States Code Section 1956.[1] The Government alleges that the defendant was the leader of an international drug trafficking conspiracy that sent cocaine shipments from South America to Europe and then other co-conspirators laundered millions of dollars in drug proceeds to businesses in South America and Asia. The prosecution does not allege that any of the drug shipments were imported into the United States. Notwithstanding this failure, the prosecution contends that this case is properly brought in the Eastern District of Virginia because a single wire transfer of $31,800 sent from a bank in Portugal to a bank in China transited through a "correspondent" bank in Richmond, Virginia.

As explained herein, Count Three must be dismissed for lack of venue pursuant to

---

[1] The defendant was originally charged in the first Superseding Indictment with only Conspiracy To Commit Money Laundering. On June 25, 2026, the Government returned a Second Superseding Indictment that added the following additional charges: Narcoterrorism Conspiracy (Count One); Maritime Drug Law Enforcement Act (Count Two); and substantive Money Laundering (Count Four).

1

Federal Rule of Criminal Procedure 12(b)(3)(A)(i) because there are insufficient "essential" contacts with this district to sustain jurisdiction. See, e.g., United States v. Bezmalinovic, 962 F.Supp. 435 (S.D.N.Y. 1977)(motion to dismiss fraud conspiracy granted for lack of venue because the "ministerial" act of processing a check in Manhattan was not intended or foreseeable to the defendant and was thus insufficient to create jurisdiction).  In this case, the only alleged contact between the alleged conspiracy and the Eastern District of Virginia was inadvertent, incidental, and unforeseeable.

## SUMMARY OF RELEVANT FACTS

For purposes of the instant motion to dismiss, the defense is obliged to assume the truth of the factual allegations set forth in the SSI. United States v. Terry, 257 F.3d 366, 367 (4th Cir.2001). This court, however, is not bound by any "legal conclusions" alleged by the Government. See McSheffrey v. Powers, 2023 WL 4043939, at *5 (E.D. Va.).

The Second Superseding Indictment alleges that the defendant was the leader of an international drug trafficking organization that transported cocaine from ports in Brazil, Paraguay, and Uruguay to Europe, including Portugal, Spain, the Netherlands, and Belgium. SSI at paras. 1,6. The co-defendant in this case, Federico Santoro and two unindicted co-conspirators laundered the drug proceeds by: (1) "bulk cash" deliveries; (2) crypto-currency transactions; and (3) depositing the monies into the "European banking system." SSI at para. 8, 9, 14. According to the prosecution, once the funds were deposited, Santoro and one of the unindicted defendants would "direct the movement of the funds internationally, typically via bank wire transfer." SSI at para. 10. The funds were received in South America and Asia. SSI at para. 12.

The SSI focuses on one transaction in particular to establish venue in this jurisdiction for the money laundering charges, alleging that co-defendant Santoro directed the following wire

2

transfer:

> On or about February 18, 2021, at the direction of SANTORO, UCC-1 wired approximately 31,800 U.S. dollars in narcotics proceeds from Novo Banco S.A., a Portuguese bank, to the account of a Chinese freight forwarding and logistics provider with the Hongkong and Shanghai Banking Corporation, in furtherance of the money laundering scheme. Bank of America served as the correspondent bank for the transaction, with its servers located in Richmond, Virginia, within the Eastern District of Virginia, processing the transaction.

SSI at para. 20. [2]

The SSI does not allege that the defendant had personal knowledge – or that it was foreseeable to him - that any of the wire transactions would be routed through a "correspondent bank" in the United States. Likewise, the SSI does not allege that the defendant had personal knowledge – or that it was foreseeable – that Bank of America would be the "correspondent" bank and that it had a server located in Richmond, Virginia.

## LEGAL ANALYSIS

### 1. *The Defendant Has A Constitutional Right To Venue Where The Crime Was Committed*

Federal Rule of Criminal Procedure 12(b) provides that a challenge to a "defect in instituting the prosecution, including ... improper venue," may be raised by pretrial motion. See United States v. Engle, 676 F.3d 405, 412–13 (4th Cir. 2012) ("a defendant must challenge venue before trial if the asserted venue defect is apparent on the face of the indictment." In this case, the lack of venue in this jurisdiction is clear from the face of the SSI.

---

[2] This allegation is also repeated verbatim in the Statement of Facts for co-defendant Santoro:

> On or about February 18, 2021, at the direction of SANTORO, UCC-1 wired approximately 31,800 U.S. dollars in narcotics proceeds from Novo Banco S.A., a Portuguese bank, to the account of a Chinese freight forwarding and logistics provider with the Hongkong and Shanghai Banking Corporation, in furtherance of the money laundering scheme. Bank of America served as the correspondent bank for the transaction, with its servers located in Richmond, Virginia, within the Eastern District of Virginia, processing the transaction.

DE 45 at para. 9.

It is well settled that "venue is no mere technicality." United States v. Mosby, 143 F.4th 264, 279 (4th Cir. 2025). The requirement that a criminal case have a relationship with its location can be traced to founding of the Republic. The Supreme Court has noted that "[p]roper venue in criminal proceedings was a matter of concern to the Nation's founders. United States v. Cabrales, 524 U.S. 1, 6 (1998). Thus, Article 3, Section 2, Clause 3 unambiguously states that the "[t]rial of all Crimes ... shall be held in the State where the said Crimes shall have been committed. This principle is also embodied in Federal Rule of Criminal Procedure 18, which states that "the government must prosecute an offense in a district where the offense was committed."

The Supreme Court recently confirmed that to determine where a crime was committed, the court must determine the location of the offense's "essential conduct elements." Abouammo v. United States, 2026 WL 1686084, at *4 (S.Ct.). In *Abouammo,* the defendant was charged with falsifying a record in Seattle, Washington, with the intent to impede a federal investigation in California. The Court held that the crime was completed when the false document was created and that venue was proper only in that location, not in the jurisdiction where the investigation took place. The unanimous Court ruled that the "contemplated effects" of the conduct in California were not relevant to the venue decision. 2026 WL 1686084at * 5. As Justice Kagan wrote for the unanimous court "the inquiry remains one into the place of the crime's conduct elements—the acts that the prosecution must prove to secure a conviction." Id. at *4 (U.S. June 11, 2026). As a result of this reasoning, the conviction was reversed.

The same "essential" conduct test has been applied in this jurisdiction. United States v. Mosby, 143 F.4th 264, 280 (4th Cir. 2025)(venue is proper "only in a district in which an

4

essential conduct element of the offense took place"); <u>United States v. Bowens</u>, 224 F.3d 302, 311 (4th Cir.2000) ("the place where a criminal offense is committed is determined solely by the essential conduct elements of that offense"). As Judge Ellis noted:

> it is clear that venue may lie in any district in which an "essential conduct element" of the offense occurred; venue is not proper in a district in which a mere circumstance element occurred.

<u>United States v. Smallwood</u>, 293 F. Supp. 2d 631, 638 (E.D. Va. 2003).

Thus, venue does not properly exist in a jurisdiction where the conduct was inadvertent or ministerial or otherwise not foreseeable to the defendant. In <u>United States v. Bezmalinovic</u>, 962 F.Supp. 435 (S.D.N.Y. 1997), the defendant submitted false mortgage loan paperwork in the Eastern District of New York and the proceeds were deposited into his personal checking account that was located in a bank in the same jurisdiction. The Government argued that venue was proper in the Southern District of New York because as part of processing and collecting the funds, the checks were sent to the bank's "processing center" in Manhattan. 962 F.Supp. at 436. The district court granted the motion to dismiss, concluding that the:

> defendant did not intend those acts to take place in the Southern District, nor could he have foreseen that the acts would occur there. The crediting and debiting that occurred in Manhattan were purely ministerial acts that did not involve any decision-making; the decision to grant defendant a mortgage had already been made by MHT in the Eastern District [of New York].

<u>Id</u>. at 438. The court noted that the Government's argument would expand venue in fraud cases far beyond the scope of constitutionally permitted venue:

> Under the government's theory, venue for bank fraud would be expanded vastly. It would have no relation to the acts committed by a defendant, to the foreseeable results of those acts, or to the actual effect of those acts, but only to the inner workings of large financial institutions.

<u>Id</u>. Accord <u>United States v. Svoboda</u>, 347 F.3d 471, 483 (S.D.N.Y. 2003)("*Bezmalinovic* indicate(s) that venue is proper in a district where (1) the defendant intentionally or

knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue"). Under this analysis, the Conspiracy To Commit Money Laundering Charge in Count Three must be dismissed for lack of venue.

### 2. *There Is No Venue In The Eastern District Of Virginia For The Conspiracy To Commit Money Laundering*

The SSI alleges that the defendant was a drug trafficker who sent cocaine from South America to Europe and that the object of the conspiracy was to "transfer" the funds back to the defendant. The Government alleges in Count Four of the SSI that the defendant participated in a conspiracy to conduct a financial transaction with the proceeds of a specified unlawful activity transaction that was designed to conceal the nature, source, location, ownership or control of the proceeds; and to transport, transmit, and transfer the funds from a place inside the United States to a place outside the United States and to a place in the United States to a place outside the United States. See Second Superseding Indictment at pp. 12-13.

The SSI, however, does not allege that the defendant had any intention to send drugs to the United States or that he otherwise had any contact with this country. Nonetheless, the Government alleges that the defendant's alleged participation in a money laundering conspiracy supports venue over his alleged conduct in this jurisdiction. [3]

The Government did not identify the venue provision that it was relying upon in the SSI. The money laundering statute contains its own venue provisions, which provide in relevant part that:

---

[3] The crime of money laundering conspiracy is completed when the agreement is reached. Whitfield v. United States, 543 U.S. 209, 219, 125 S. Ct. 687, 694, 160 L. Ed. 2d 611 (2005)("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. Section 1956(h), does not require proof of an overt act in furtherance of the conspiracy. In this case, any alleged agreement to commit money laundering indisputably took place outside of the United States

> A prosecution for an attempt or conspiracy offense under this section [18 U.S.C. section 1956] may be brought in the district where venue would lie for the completed offense under paragraph (1), or **in any other district where an act in furtherance of the attempt or conspiracy took place.**

18 United States Code Section 1956(i). In addition, co-defendant Santoro's guilty plea refers to the venue provision contained in 18 United States Code Section 3238. See DE 45 at para. 10. [4]

Regardless of which venue provision the Government plans to rely upon, however, under the "essential conduct" test set forth by the Supreme Court in *Abouammo* and the reasoning of *Bezmalinovic* and the other cases relied upon in this motion, no act sufficient to create venue exists in the Eastern District of Virginia. According to the SSI, co-defendant Santoro (aided by a cooperating co-conspirator) intended to send criminal proceeds from Portugal to the Hongkong and Shanghai Banking Corporation in China. SSI at para. 20. By its express terms, the transaction involved two banking entities located outside of the United States. The Government does not allege that the conspirators intentionally chose to route the transfer through a correspondent bank located in the United States. Nor does the Government allege that any member of the conspiracy even had knowledge that such a transfer would take place. The "ministerial" or "incidental" use of a correspondent bank located in Richmond, Virginia was not directed by the defendant, nor was it reasonably foreseeable to him.

Thus, under the totality of circumstances in this case, no essential conduct in furtherance of the conspiracy took in this jurisdiction and the prosecution's effort to establish venue based upon the single alleged intermediary bank transfer cannot be sustained. The money laundering conspiracy count must therefore be dismissed. See, e.g., United States v. Hilger, 867 F.2d 566,

---

[4] The other venue provisions of the money laundering statute do not appear to apply in this case. To the extent that the prosecution specifically identifies the basis for venue in this jurisdiction, the defense will respond in the reply pleading.

7

568 (9th Cir. 1989)("dismissal of the indictment is required. When venue is improperly laid in a criminal case, dismissal is the appropriate remedy because a district court has no power to transfer such a case to a proper venue").

## CONCLUSION

For all the reasons set forth herein, there is no venue in this jurisdiction for the original charge of Conspiracy To Commit Money Laundering, now enumerated as Count Three of the SSI. The defendant was arrested outside the United States and transported to the Eastern District of Virginia for alleged criminal conduct without any nexus to this Court. Accordingly, the defense respectfully requests that the instant motion be granted. [5]

Respectfully submitted,

/s/ Sandi S. Rhee

_____
Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

Joseph King

_____
Joseph King
VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

---

[5] The defense intends to file additional motions to dismiss the remaining counts of the SSI.

8

*Robert Feitel*

_____

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 28th day of June, 2026.

/s/ *Sandi S. Rhee*

_____

Sandi S. Rhee

9