UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION FOR LEGAL VISITATION
BY DEFENDANT'S URUGUAYAN ATTORNEY**

**INTRODUCTION**

Defendant Sebastian Marset is a Uruguayan foreign national, who was brought to the United States on or about March 14, 2026 to face charges federal criminal charges. He is currently incarcerated at the Alexandria Detention Center (ADC). Undersigned requested permission from the United States Marshals in the Eastern District of Virginia to allow the defendant's Uruguayan criminal defense attorney, Santiago Moratorio, to conduct in person legal visit with the defendant at the Alexandria jail, but only in the presence of American defense counsel. The United Staes Marshal personally denied the request.

The defendant has a constitutional right to consult with counsel "and other "paraprofessionals assisting defense counsel." United States v. Wilburn, No. 19-CR-108 (MKB), 2023 WL 3204547, at *1 (E.D.N.Y. May 2, 2023). In order to protect this fundamental right, the defense respectfully requests an Order from this Court directing the United States Marshal to allow attorney Moratorio access to the ADC in the presence of undersigned counsel. The prosecutors in this case take no position with respect to this motion.

An identical motion regarding an inmate housed at the ADC in a criminal prosecution

1

brought in the United States District Court for the District of Columbia was granted by the Honorable Rudolph Contreras. A copy of the Order is Exhibit 1 hereto. See DE 26; *United States v. Gastellum Avila,* 18 Cr. 374.

In addition, the defense submits with this Motion a signed affidavit from attorney Moratorio attesting that he will abide by any conditions imposed by the jail if permitted to visit the defendant in person. A copy of the Affidavit is Exhibit 2 hereto.

Because this motion raises a collateral issue that is not related to the merits of the prosecution, the defense respectfully requests that the Court rule on the motion independently of the briefing schedule established in this case. A copy of this Motion is being sent via email to the United States Marshal for the Eastern District of Viginia.

## RELVEVANT BACKGROUND

Undersigned defense counsel entered their appearances in this case in late June, 2026, replacing the defendant's original attorneys. On July 1, 2026, counsel requested that the U.S. Marshal authorize visitation for the defendant's Uruguayan lawyer Santiago Morotorio. The request included proof that Moratorio is a lawyer in Uruguay.

The request was denied, per the below copied email:

**From:** "Alley, Timothy (USMS)"             **Date:** July 1, 2026 at 7:51:37 PM EDT**To:** Sandi Rhee <sandirheelaw@gmail.com>, Rob <rf@rfeitellaw.com>**Subject: Re: [EXTERNAL] Sebastián Marset**

He may not meet with him.  The USMS and the ADC don't allow contact visits to anyone other than lawyers.  The fact that he may, or may not be, an Uruguayan attorney doesn't matter.

Tim Alley
SDUSM E/VA – Alexandria [1]

---

[1] Prior to the entry of formal Notices of Appearances in this case, the Marshal also denied undersigned counsel permission to visit the defendant in person at the ADC.

The defense has already received a significant amount of discovery in this case (with more to be produced) and undersigned defense counsel need to review those materials with the defendant as a predicate for determining a legal strategy for this case. As part of that consideration, the defense needs to consider the relationship between this case and the defendant's other potential criminal problems in Uruguay and other countries. Uruguayan lawyer Santiago Moratorio has represented the defendant for more than six years and has a long-standing attorney-client relationship with him.

Moreover, in undersigned counsels' combined experience, the request for legal visitation by a foreign national attorney would have been immediately granted without further inquiry if the defendant was incarcerated at the Northern Neck Regional Jail in Warsaw, Virginia, and/or the Central Regional Jail in Orange, Virginia. The disparate treatment at the Alexandria Jail appears to be solely a function of the defendant's place of incarceration and the involvement of the U.S. Marshal assigned to review the request. It is also relevant that undersigned counsel have been granted permission to enter foreign jails to visit their clients' pending extradition and the same professional courtesy ought to be afforded foreign lawyers after their clients arrive in the United States.

### LEGAL ANALYSIS

Defendant Sebastian Marset is being detained pending a trial or other resolution of his criminal case. A person committed to pretrial detention has not been adjudged guilty of any crime. He has had only a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). It is well-settled that the defendant has a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). As a corollary, the courts have recognized that a jail

cannot prevent an inmate access to legal assistance, even if it involved consultation with a non-lawyer. See, e.g., Avery v. Johnson, 393 U.S. 483 (1969)(jail could not prevent inmate from obtaining legal assistance from another inmate).

Relying on this precedent, in Nolan v. Scafati, 430 F.2d 548, 551 (1st Cir. 1970), the Court of Appeals ruled that:

> we fail to see how a state, at least in the absence of some countervailing interest not here appearing can prevent an inmate from seeking legal assistance from bona fide attorneys working in an organization such as the Civil Liberties Union.

In Souza v. Travisono, 368 F.Supp. 959, 967-68 (D. R.I. 1973), the district court likewise ruled that a jail's blanket prohibition on legal visits by law students violated the inmates' right to counsel. The court found that the Sixth Amendment's guarantee of the right to access to counsel included paraprofessionals, reasoning as follows:

> In circumstances in which a prisoner's Sixth Amendment right to counsel is involved, not only must an attorney be given the broadest possible opportunity to meet and confer with his inmate client but the same right as of necessity filters down to his para-legal assistants. And the right to select such assistant rests with the attorney and not the prison officials. If this were not so it could seriously impair the inmate's Sixth Amendment right. It follows therefore, in such situations, the same compelling interest test must apply to such assistants. . . . . . The situation is no different in applying the balancing test in due process cases. **The alter ego status of para-professionals parallels that of the principal whether it be in the exercise of due process access to the courts or the fundamental right to counsel.**

Souza, 368 F.Supp. at 967-68 (emphasis added).

Judge Contreras was presented with identical circumstances in the *Gastellum Avila* case, *infra*. The U.S. Marshal for the District of Columbia prohibited the defendant's Mexican lawyer to enter the ADC for an in-personal legal visit – even in the presence of defense counsel of record. The defense moved to compel access and the Court ruled as follows:

> ORDERED, that the United States Marshals Service shall take whatever means necessary to allow Defendant's Mexican attorney . . . access to visit Defendant when accompanied by his defense counsel of record . . . and any such conversations between them shall be

4

subject to the attorney-client privilege and protected by the attorney-client work product doctrine.

This ruling applies with equal force to the circumstances present in this case.

The defense has no idea what criteria (if any) were used by the Marshals Service to deny the request for legal visitation, or why the request for legal visitations by Attorney Moratorio was denied. Undersigned provided information to the Marshals which established Moratorio's *bona fides* as a Uruguayan attorney. Attorney Moratorio has represented the defendant for many years in criminal investigations in Uruguay and elsewhere. It does not appear that there is any internal appeal process for the Marshals' unilateral denial and thus, the defense has no other recourse but to ask this Court to validate the defendant's Sixth Amendment right and Order in person legal visitation by the defendant's foreign attorney.

The defense believes that the Court can grant this Motion on the pleadings, but attorney Moratorio would be prepared to participate in a hearing (by video or in person) to further discuss the issue of legal visitation. The defense would welcome the participation of the Marshals Service in any resolution of this issue.

The requested legal visits are necessary for many reasons, including the opportunity for attorney Moratorio to discuss with the defendant the possible consequences of his criminal case in the United States as it pertains to other criminal charges against him in third countries. As set forth in his sworn affidavit, Moratorio will abide by any restrictions imposed by the Court with respect to legal visitation.

Finally, the defense cannot stress the importance of "in person" legal visitation in this case for Attorney Moratorio. Non-legal visits are conducted through a glass partition at the Alexandria Jail and the conversation is recorded. The Marshal also denied a request to allow privileged video visitation between the defendant and Moratorio. As one district court recently

5

noted, [t]here are numerous benefits to in-person visitation, that cannot be emulated via "lower bandwidth" forms of communication such as video or phone calls . . . . It is difficult to establish trust, read body language, and engage in meaningful discourse about critical aspects of a case over video or phone." United States v. Moi, 2021 WL 4048596 (D. Alaska).

## CONCLUSION

The defendant is charged with serious offenses and the defense of this case requires serious legal representation as to all aspects and consequences of the defendant's legal problems. For all of the foregoing reasons, the defense respectfully asks this Court to grant this motion and Order the Alexandria Jail to permit accompanied, legal visits between attorney Santiago Moratorio and the defendant in the presence of at least one member of the defendant's defense team.

Respectfully submitted,

*/s/ Sandi S. Rhee*

_____

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

*Joseph King*

_____

Joseph King
VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

6

*Robert Feitel*

_____

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 21st day of July, 2026. A copy of the Motion was also sent via email to the United States Marshal for the Eastern District of Virginia Alexandria Division.

/s/ *Sandi S. Rhee*

_____

Sandi S. Rhee