IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEBASTIAN ENRIQUE MARSET CABRERA,<br><br>*Defendant* | Criminal No. 1:23-cr-143 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
LEGAL VISITATION BY DEFENDANT'S URUGUAYAN ATTORNEY**

The United States of America, by and through undersigned counsel, respectfully files this response to Defendant's Motion for Legal Visitation by Defendant's Uruguayan Attorney, ECF No. 106.

As noted by the Defendant, *see id*. at 1, the undersigned Assistant U.S. Attorneys with the U.S. Attorney's Office for the Eastern District of Virginia take no position with respect to this Motion. That said, the U.S. Marshals Service ("USMS") opposes the request. Undersigned counsel therefore files this response to bring the USMS's position before the Court, and respectfully requests that the Court consider the USMS's position.

The following paragraphs are written by USMS Associate General Counsel Charles Miracle.

> United States Marshals Service (USMS) personnel in the Eastern District of Virginia and the Office of General Counsel (OGC) have reviewed ECF No. 106 in which defense counsel requests the Court order the Alexandria Detention Facility (ADC) to permit confidential legal communications between defendant and Santiago Moratorio, who defense counsel states is an attorney representing defendant on Uruguayan matters. The USMS has asked the United States Attorney's Office to object to this motion on its behalf.
>
> As background, the USMS does not own or operate any of the jails it uses to house prisoners. Apart from those prisoners held in BOP facilities, the USMS houses most

1

prisoners in state and local jails with which USMS executes Inter-Governmental Agreements (IGAs), a contract for housing prisoners in exchange for a per diem rate. Under those agreements, the state and local officials are responsible for housing USMS prisoners according to the same policies and procedures as they would house state and local prisoners, including policies on communication and visitation.  These IGA agreements are "at will" agreements, meaning the state and local officials may cancel the agreement and refuse USMS prisoners completely or refuse any specific prisoner without need for cause. Accordingly, while the USMS would certainly relay any order from this Court, the ADC may also refuse to continue to house this individual and the USMS would be forced to move the individual to another facility, likely one more remote from the Court.

Furthermore, although ADC has made its decision on the defense request, USMS personnel in the Eastern District of Virginia previously expressed concurrence with ADC position on the request.  USMS offers this additional support and clarification for that position.

Defendant is not being refused visitation with Mr. Moratorio; he is being refused confidential attorney-client visitation with Mr. Moratorio. USMS OGC is aware that ADC's position to deny confidential legal visits with anyone other than counsel of record or their "representative" is a common policy of most state and local jails in the United States.  (See Federal Performance Based Detention Standards, G.2.2, "Detainees access to counsel is ensured.  Detainees are assisted in making confidential contact with attorneys and their authorized representatives.")  Therefore, what defense counsel asserts as a "professional courtesy" (Rec. Doc. 106, page 6) is asking ADC to go outside an established policy of who is afforded confidential attorney-client visitation with a prisoner and extend that legal access to an individual who is not an attorney in the United States.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By:       /s/ Catherine Rosenberg
          Anthony T. Aminoff
          Catherine Rosenberg
          Assistant United States Attorney
          (703) 299-3700
          Catherine.Rosenberg2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, with automatically generated a Notice of Electronic Filing to counsel of record in this case.

_____/s/_____
Catherine Rosenberg
Assistant United States Attorney

3