IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:23-cr-143 (RDA) |
| SEBASTIAN ENRIQUE MARSET CABRERA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant's Motion for Legal Visitation by Defendant's Uruguayan Attorney (the "Motion"). Dkt. 106. Defendant reports that his counsel requested permission from the United States Marshals to allow Santiago Moratorio, who Defendant reports is his Uruguayan criminal defense attorney who represents him on Uruguayan matters, to conduct in person legal visits with Defendant at the Alexandria Detention Center ("ADC") in the presence of counsel. *Id.* at 1. The request was denied. *Id.* Defendant argues that Moratorio should be treated as a paraprofessional, and that the Sixth Amendment's guarantee of the right to counsel extends to Moratorio. *Id.* at 4. Defendant asks the Court to order ADC to permit legal visits between Moratorio and Defendant in the presence of at least one member of Defendant's "defense team." *Id.* at 6.

The Assistant U.S. Attorneys with the U.S. Attorney's Office for the Eastern District of Virginia take no position with respect to the Motion. Dkt. 107 at 1. Nonetheless, the United States Marshals Service (the "USMS") has indicated that it opposes the Motion. *Id.* Specifically, USMS Associate General Counsel Charles Miracle reports that the USMS does not own or operate ADC. *Id.* at 1-2. The USMS further reports that ADC's position is to deny confidential legal visits with

1

anyone other than counsel of record or their representative, and that this is a common policy of most state and local jails in the United States. *Id.* at 2.

It is true that courts have found that "[a] defendant's right to the assistance of counsel also extends to communications with paralegals and other paraprofessionals assisting defense counsel." *United States v. Wilburn*, 2023 WL 3204547, at *1 (E.D.N.Y. May 2, 2023). Defendant acknowledges in his Motion, however, that this is because paralegals and other paraprofessionals function as the agents or "alter egos" of the attorneys they assist. Dkt. 106 at 4 (citing *Souza v. Travisono*, 368 F. Supp. 959, 967-71 (D.R.I. 1973)). Here, however, Defendant has not made any showing that Moratorio is a paralegal or other paraprofessional acting as an agent of his counsel in this case. Indeed, Defendant affirmatively represents that Defendant seeks the visits in connection with Moratorio's reported representation of Defendant in Uruguayan matters. *See* Dkt. 106 at 5 ("The requested legal visits are necessary for many reasons, including the opportunity for attorney Moratorio to discuss with the defendant the possible consequences of his criminal case in the United States as it pertains to other criminal charges against him in third countries."). And, "[w]hile criminal defendants enjoy a great deal of discretion in choosing their counsel, defendants do not have 'the right to choose any advocate,' as 'an advocate who is not a member of the bar may not represent clients (other than himself) in court.'" *Wilburn*, 2023 WL 3204547, at *1 (quoting *Wheat v. United States*, 486 U.S. 153, 159 n.3, 159 (1988)); *see also United States v. Tools*, 2008 WL 2595249, at *6 (D.S.D. June 27, 2008) ("[E]very circuit which has considered the question . . . has held there is no right to representation by persons who are not qualified attorneys."); *Garavito-Garcia v. United States*, 2019 WL 5960207, at *3 (S.D.N.Y. Nov. 13, 2019) (denying a defendant's request for representation by a nonlawyer because the requested

2

representative was "not an attorney").[1]  Thus, Defendant has no right to a visit from Moratorio, who is admittedly not licensed to practice as an attorney in the United States, in his own right.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Legal Visitation by Foreign Attorney (Dkt. 106) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
August __6__, 2026

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge

_____

[1] Although Defendant attaches an order by a District Judge in the U.S. District Court for the District of Columbia authorizing such visitation, the order contains no explanation or analysis and thus, in light of the case law summarized *supra*, the Court finds this order unpersuasive. Dkt. 106-1.