UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO DISMISS**
**COUNT TWO OF THE SUPERSEDING INDICTMENT**

**INTRODUCTION**

On June 16, 2024, the Colombian Coast Guard intercepted a "go-fast" boat carrying approximately 1,653 kilograms of alleged cocaine. The Colombian authorities arrested four crew members: three Nicaraguans and one Costa Rican. Almost two years later the prosecutors in this jurisdiction charged the defendant with conspiring to possess the cocaine on board that vessel, claiming that it violated the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S. Code Section 70503, 60706.

As explained herein, the charge must be dismissed because of lack of jurisdiction for two reasons. First the prosecution cannot establish a connection between the defendant and the "fast boat" carrying the drugs to assert jurisdiction in this court. Second, the prosecution did not obtain a "certification" that the vessel was subject to the jurisdiction of the United States, which is required for a prosecution under the MDLEA.

This Court should also dismiss Count Two because the alleged "cocaine" that was seized by Colombian authorities - acting in concert with the DEA - was lost and the defense deprived the constitutionally guaranteed opportunity to subject the material to scientific analysis.

## RELEVANT FACTS

According to the reports provided in discovery in this case, DEA agents coordinated an operation with Colombian law enforcement to intercept a "fast boat" which departed from "Altos de Julio," located on Colombia's northwest coast on June 16, 2024. The reports indicate that a DEA informant had previously placed a GPS tracking device on the vessel, which was bound for Costa Rica. A map of this location is Exhibit 1 to this motion.

The DEA and Colombian agents conducted surveillance and watched the boat head towards the island of San Andres, Colombia until the Colombian Coast Guard attempted to interdict the vessel, which sped off, while the crew members threw packages overboard. Colombia ultimately stopped the vessel, arrested the four crew members and recovered 1653 packages of suspected narcotics.

A criminal case was brought against the crew members in Colombia because the fast boat was located in Colombia's territorial waters. A copy of a Colombian police report dated June 27, 2024 stating that the boat was stopped in waters under the jurisdiction of Colombia along with an English translation is Exhibit 2 to the motion (filed under seal because it contains Protected Material). The crew members were later granted release from detention, however, because no sample of the suspected drugs had ever been submitted for laboratory analysis and the suspected narcotics could not be located. A copy of a report prepared by a Colombian prosecutor's office along with an English translation on October 2, 2025, explaining that the location of the drugs is unknown and that no expert opinion is available is Exhibit 3 to this motion (filed under seal because it contains Protected Material). No report of drug analysis of the substance recovered by the Colombian authorities is contained anywhere in the discovery of this case.

Almost two years later, after defendant Sebastian Marset was wrongfully brought to this country and refused to plead guilty for crimes that he did not commit, the prosecution returned a Second Superseding Indictment which contained the additional MDLEA charge. The Government also charged the defendant with "aiding and abetting" pursuant to 18 U.S. Code Section 2.

## LEGAL ANALYSIS

### I.
### Count Two Should Be Dismissed For Lack Of Jurisdiction

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." This rule specifically authorizes a motion to dismiss "a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact. United States v. Schulman, 817 F.2d 1355, 1358 (9th Cir. 1987).

The jurisdiction of a United States court under MDLEA is a "preliminary questions of law to be determined solely by the trial judge." See 46 U.S.C. Section 70504. See also United States v. McLeal, 726 F. Supp. 3d 519, 529 (E.D. Va. 2023) (it was appropriate for district court to review constitutional challenge to MDLEA jurisdiction). The government must establish jurisdiction by a preponderance of the evidence. United States v. Carvajal, 924 F. Supp. 2d 219, 229–30 (D.D.C. 2013).

In this case, the prosecution cannot establish jurisdiction over either the defendant Sebastian Marset, or the vessel that was stopped in Colombia's territorial waters. Under either analysis, the MDLEA does not reach the charged conduct.

## A. The MDLEA Does Not Criminalize The Conduct Alleged In This Case

### *1. The United States Does Not Have Jurisdiction Over The Fast Boat*

The MDLEA states that an "individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board ... a vessel subject to the jurisdiction of the United States," 46 U.S. Code 70503(a), or attempt or conspire to do the same. Id. at 70506(b).

The statute defines a "vessel subject to the jurisdiction of the United States" to include the following:

> **(A)** a vessel without nationality;
> **(B** a vessel assimilated to a vessel without nationality under paragraph (2) of article 6 of the 1958 Convention on the High Seas;
> **(C)** a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States;
> **(D)** a vessel in the customs waters of the United States;
> **(E)** a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States;

46 US Code Section 70502(c). See United States v. Ballestas, 795 F.3d 138, 142 (D.C. Cir. 2015). [1]

The Second Superseding Indictment does not identify the specific subsection that is the basis for the assertion that the boat was a vessel "subject to" the jurisdiction of the United States. The Colombian law enforcement reports do not contain any information concerning the

---

[1] A vessel without nationality includes: (A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed; (B) a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; (C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality; and (D) a vessel aboard which no individual, on request of an officer of the United States authorized to enforce applicable provisions of United States law, claims to be the master or is identified as the individual in charge, and that has no other claim of nationality or registry under paragraph (1) or (2) of subsection (e). 46 U.S. Code Section 70502(c)(1).

nationality of the vessel. The reports, however, do state that the vessel was found in "waters" under Colombia's jurisdiction.

The source of authority for the MDLEA is Article I, section 8, clause 10 of the United States Constitution, which states that "Congress shall have Power ... To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." See United States v. Alarcon Sanchez, 972 F.3d 156 (2d Cir. 2020). That Constitutional authorization, however, does not extend to drug trafficking in national waters of another country. United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). Thus, the prosecution must establish that the fast boat was stopped in international waters to assert jurisdiction over the fast boat in this case. Since the Colombian police reports expressly state that the vessel was stopped in the territorial waters of Colombia, this Court does not have jurisdiction over the MDLEA charge. The prosecution advised that it does not have any GPS tracker location data concerning the fast boat.

***2. The United States Does Not Have Jurisdiction Over Defendant Marset***

In addition, the MDLEA is specifically limited to drug trafficking "on board" a vessel subject to the jurisdiction of the United States. The reports of the June 16, 2024, interdiction identify four crew members of the fast boat, none of whom were the defendant. There are no other facts in the discovery materials that assert any connection between defendant Sebastian Marset and the fast boat. The United States cannot assert jurisdiction over non-crew members absent proof that they personally conspired with others that "committed felonious acts on the high seas, and also that those acts are directly attributable to [the defendant]." United States v. Ballestas, 795 F.3d 138, 147 (D.C. Cir. 2015). See United States v. Vargas, 781 F. App'x 815, 823 (11th Cir. 2019).

In preparation for filing the instant motion, attorneys working for the defendant specifically requested petitioned the Colombian national prosecutors' office to determine if Sebastian Marset was "formally involved" in the prosecution involving the June 16, 2024, fast boat seizure. The Colombian prosecutor's office responded in writing that the only persons involved in that criminal case were the four fast boat crew members. A copy of the request in Spanish and the English translation is Exhibit 4 to this motion (filed under seal because it contains Sensitive Material). The failure of the Colombian authorities to bring any charges against Sebastian Marset is more than *prima facie* evidence that he was not involved in the drug shipment.

*3.* ***The United States Did Not Obtain The Required MDLEA Certification Prior To Returning the Second Superseding Indictment***

Finally, to assert jurisdiction under the MDLEA over drug trafficking on the high seas, the prosecution must obtain a "certification" stating that the Government of Colombia consents to the exercise of jurisdiction over the vessel by the United States. 46 U.S.C. Section 70502(d)(1)(C), (2). See also United States v. Vargas, 781 F. App'x 815, 823 (11th Cir. 2019)(the MDLEA permits the government to establish that a vessel is a vessel without nationality using a "certification of the Secretary of State"). In this case, the prosecution advised that it does not have any such certificate.

This failure raises serious problems concerning jurisdiction and due process: how could the prosecutors charge the defendant in Count Two of the Superseding Indictment with drug trafficking on board a vessel subject to the jurisdiction of the United States without proof of this jurisdictional requirement. The defense reserves its right after reviewing the Government's response to this motion to request a review of the relevant section of the grand jury minutes relating to Count Two. See, e.g., United States v. Stevens, 771 F. Supp. 2d 556 (D.Md.

2011)(disclosure of grand jury minutes revealed that the prosecutor gave improper advice to grand jury and the district court subsequently dismissed the indictment).

## II.
## Count Two Must Also Be Dismissed For A Violation Of The Defendant's Due Process Rights

It is well settled that under the Due Process Clause, "criminal defendants be afforded a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984). The Constitution imposes upon the government the "a duty to preserve evidence" that would play a significant role in the accused's defense. United States v. Matthews, 373 F. App'x 386, 390 (4th Cir. 2010). Thus, when:

> the Government has seized evidence which it believes is probative of guilt, the rules by which our trials are conducted make that evidence available for examination by the defendant so that he may mount any available attack upon its use against him and so that he may use it in his defense if it tends to exculpate him. Fed.R.Crim.P. 16(a). To this end, a defendant is entitled, with proper restrictions and conditions, to have evidence tested and examined so that he may make any meaningful use of any exculpatory value which it has and so that he may, if possible, counter its inculpatory effects.

United States v. Elliott, 83 F. Supp. 2d 637, 641 (E.D. Va. 1999).

The rules concerning the preservation of evidence applies with particular force in a drug case, where quantity triggers mandatory minimum sentences and also significantly affects a defendant's sentencing guideline range. Thus, in United States v. Roberson, 195 F. App'x 902 (11th Cir. 2006), the Court held that "contrary to the government's contention," the loss of drug evidence was "prejudicial" to the defendant."

In this case, the alleged cocaine was seized as the result of a joint operation between the DEA and the Colombian authorities. The cocaine is lost – and the Colombian authorities have not been able to locate it. An official report dated October 1, 2025 from the Attorney General's Office to the Cartagena police department summarized the situation with respect to the substance seized on June 16, 2024, as follows:

> URGENT! In the case referenced herein, the final expert opinion on the narcotic substance cocaine is unknown. Notwithstanding the inquiries made by the undersigned, neither the laboratory nor the expert is known, nor is the traceability of the samples available.

See Exhibit 3.

There is nothing in the discovery of this case to establish that the United States obtained a sample of the material. Under the circumstances, the defense has been denied the opportunity to independently examine the suspected narcotics and use the information as part of a defense to the charges. The defense has also been denied the opportunity to inspect the alleged drug packaging or any markings on the suspected cocaine. In the final analysis, the loss of 1653 packages of suspected cocaine suggests more than a mere inadvertent misplacing of evidence but rather intentional malfeasance. Since the DEA used Colombian as its law enforcement proxy, the Government must be the party that bears the consequences of the loss of critical evidence – not the defendant.

**CONCLUSION**

For all the reasons set forth herein, this Court should dismiss Count Two of the Second Superseding Indictment. The defense also respectfully requests oral argument on the relief requested in this Motion.

Respectfully submitted,

/s/ Sandi S. Rhee

______________________________

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

*Robert Feitel*

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

*Joseph King*

Joseph King
VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 24th day of August, 2026.

/s/ Sandi S. Rhee

Sandi S. Rhee