UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO DISMISS COUNT FOUR**
**OF THE SECONDSUPERSEDING INDICTMENT**

**INTRODUCTION**

Defendant Sebastian Marset respectfully moves this Court to dismiss Count Four of the Second Superseding Indictment (SSI), which charges him with a count of substantive Money Laundering, in violation of 18 United States Code Section 1956. The count is based exclusively on a wire transfer sent from Portugal to China, which took place on February 18, 2021, in the amount of $31,800.00. The prosecution erroneously alleges that the defendant caused the wire to issue or that he is criminally responsible for the wire based upon a theory of either aiding and abetting or liability under Pinkerton v. United States, 328 U.S. 640 (1946). Moreover, the government contends that there is venue in this court because the wire transfer was allegedly routed through a Bank of America computer server located in Richmond, Va.

As explained herein, the defendant did not personally take any action to conduct the wire transfer. Likewise, there is no accessorial or *Pinkerton* liability in this case because it was completely unforeseeable that one wire – out of the two hundred and three wires allegedly sent during the conspiracy - would have transited through this district on its way from Portugal to China.

Finally, Count Four must be dismissed for lack of venue because: (1) according to the

documents provided by the prosecution in discovery, the day the wire transfer took place, the computer server was actually located in Levittown, Pennsylvania – not Virginia and (2) even if the server was located in this jurisdiction, the transitory passage of the wire does not satisfy the requirement that an "essential element" of the offense took place in this district.

## RELEVANT FACTUAL BACKGROUND

### 1. Two Hundred And Three Alleged Wire Transfers

During the investigation of this case, the DEA obtained a "spreadsheet" from a co-conspirator that identified two hundred and three (203) wire transfers allegedly sent during the conspiracy from Europe to locations in Asia and elsewhere outside of the United States. According to the SSI, the wires were sent by co-defendant FEDERICO SANTORO and an unindicted Paraguayan money launderer, referred to as UCC-2. The SSI alleges that:

> SANTORO and UCC-2 arranged for the narcotics proceeds to be laundered back to MARSET. SANTORO laundered his share of the funds by having co-conspirators place the funds into various European businesses, and then directing the money to be wired internationally in U.S. dollars.

SSI at para. 19.

The SSI does not allege that defendant Marset personally arranged any of the two hundred and three wire transfers or that he was advised of the details of the money transfers.

### *2. The February 18, 2021 Wire Transfer*

Out of the two hundred and three (203) wire transfers, the prosecution claims that only one had any connection – albeit ephemeral and unforeseeable – with this judicial district. The wire was sent from Novo Bank in Portugal, to Hong Kong and Shanghai Bank in China. The Second Superseding Indictment alleges that Bank of America was the correspondent bank for this transaction and that its "server" was located in the Eastern District of Virginia.

The SSI specifically alleges that:

> On or about **February 18, 2021**, at the direction of SANTORO, UCC-1 wired approximately 31,800 U.S. dollars in narcotics proceeds from Novo Banco S.A., a Portuguese bank, to the account of a Chinese freight forwarding and logistics provider with the Hongkong and Shanghai Banking Corporation, in furtherance of the money laundering scheme. Bank of America served as the correspondent bank for the transaction, with its servers located in Richmond, Virginia, within the Eastern District of Virginia, processing the transaction.

SSI at para. 20 (emphasis added).

The Government does not allege that the wire transfer was "processed" or otherwise subject to any procedure(s) by Bank of America (BoA). Rather, the prosecution has predicated venue based upon the pass-through of the wire through a BoA server located in Richmond, Virginia on February 18, 2021. This contention, however, is contrary to information contained in a BoA "server rotation" report, which states that on February 18, 2021, the server was located in Levittown, Pennsylvania, not Richmond, Virginia. The report is Exhibit 1 to this motion.

**LEGAL ANALYSIS**

**1. There Is No Venue In This Jurisdiction For Count Four**

As noted in a prior pleading filed in this case, the defense may bring a pre-trial challenge to venue pursuant to Federal Rule of Criminal Procedure 12(b)(3). The defense also provided the Court with an analysis concerning the Constitutional requirement of proper venue. See Smith v. United States, 599 U.S. 236, 246-8 (2023)(discussing history of the Constitutional venue provisions under Article III and the Sixth Amendment)

The Court of Appeals has noted that "venue is more than a technical concept; it is a constitutional requirement." United States v. Johnson, 337 F.2d 180, 193 (4th Cir. 1964). Accord Holdridge v. United States, 282 F.2d 302, 305 (8th Cir. 1960)("correct venue in criminal cases…is a matter of constitutional right and … not merely matters of formal legal procedure")(internal quotations omitted). Under the venue requirement, a defendant cannot

be prosecuted in a wholly unrelated district where he did not "perform" a criminal act. United States v. Lam Kwong-Wah, 924 F.2d 298. 301 (D.C. Cir. 1991)(D.C. not proper venue for trial of attempted drug distribution where "all of Lam's conduct in connection with the attempt occurred either [in New Jersey] or in New York.").

Thus, some "essential" conduct must take place in the jurisdiction where the Government brings the case. United States v. Mosby, 143 F.4th 264, 280 (4th Cir. 2025)(venue is proper "only in a district in which an essential conduct element of the offense took place"); United States v. Bowens, 224 F.3d 302, 311 (4th Cir.2000) ("the place where a criminal offense is committed is determined solely by the essential conduct elements of that offense").

The only nexus that the prosecution alleges to connect the wire transfer from Portugal to China was the February 18, 2021, transiting of data through a Bank of America server allegedly located in Richmond. As noted, according to the documents produced by the prosecution in discovery, on February 12, 2021, the server was physically located in Pennsylvania. Moreover, regardless of where the server was located, the Government cannot establish that this event constituted an "essential" element of the money laundering offense. Rather, by any objective standard, it was a *de minimis*, ministerial act.

Finally, as analyzed herein, the defendant's conduct does not subject him to prosecution for a substantive money laundering charge.

**2. *Defendant Sebastian Marset Did Not Commit Any Act In Furtherance Of Count Four And It Was Not Foreseeable That A Wire Transfer Would***

Even assuming that this Court were to somehow conclude that there is venue in this jurisdiction, the substantive money laundering count must still be dismissed because the defendant did not commit any act in furtherance of the offense, nor was it reasonably foreseeable to him that a wire transfer would transit through this jurisdiction.

Count Four of the SSI alleges that the defendant committed the offense of concealment money laundering, alleging in relevant part that:

> On or about February 18, 2021, in Portugal, the People's Republic of China, and Richmond, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant, SEBASTIAN ENRIQUE MARSET CABRERA, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a transfer of $31,716.99 from Novo Banco S.A. to Hongkong and Shanghai Banking Corporation, which involved the proceeds of a specified unlawful activity, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

SSI at p. 15.

The factual allegations are incorrect. The defendant was never physically present in Portugal, the People's Republic of China, or Richmond, Virginia. Moreover, the Government does not – because it cannot - allege anywhere in the SSI that defendant Marset took any act in furtherance of the February 18, 2021 wire. Thus, the defendant is not a "principal" in the offense. Likewise, he is not an "aider or abettor" because he took no "affirmative act in furtherance of [an underlying] offense" as required by Supreme Court precedent. Rosemond v. United States, 572 U.S. 65, 71(2014). See also United States v. Moody, 2 F.4th 180, 198 (4th Cir. 2021).

Finally, the SSI specifically includes a reference to "Pinkerton liability" in the charging language of Count Four. That theory of liability is likewise unavailing because it requires that a defendant is only responsible for acts of co-conspirators when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Gillespie, 27 F.4th 934, 941 (4th Cir. 2022). There is no principled argument to be made that it was reasonably foreseeable to Sebastian Marset that two hundred and three wiretaps would be sent from banks in Europe to

Asia and that one of the wires would allegedly transit through a bank server located in Richmond, Virginia.

**CONCLUSION**

For all of the reasons set forth in this motion, the Court should dismiss Count Fourt of the of the SSI because: (1) no venue exists in this jurisdiction; and (2) the defendant did not commit any act in furtherance of the substantive money laundering charge, nor was it reasonably foreseeable to him that a wire transfer would supposedly be routed through a Bank of America server located in the Eastern District of Virginia.

Respectfully submitted,

/s/ Sandi S. Rhee

_____________________________

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

Robert Feitel

_______________________

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

Joseph King

_______________________

Joseph King

VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 24th day of September, 2026.

/s/ Sandi S. Rhee

Sandi S. Rhee