UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO QUASH**
**SEIZURE WARRANT**

## INTRODUCTION

Defendant Sebastian Marset moves this Court pursuant to Federal Rule of Criminal Procure 41(h) to quash a seizure warrant against four crypto-currency accounts under the control of Tether, a company which maintains it headquarters in El Salvador, Central America. See https://finance.yahoo.com/news/tether-relocates-headquarters-el-salvador-074506934.html. The affidavit in support of the warrant stated that the seizure was based upon a violation of the provisions of 21 U.S. Code Section 960a, the narco-terrorist statute.

As explained herein, the probable cause section of the affidavit did not establish a violation of the 960a but rather was directed exclusively to a discussion of an alleged violation of the money laundering statute. The total dis-connect between the statutory basis of the seizure warrant and the factual representations is fatal, and the warrant must be quashed.

Moreover, there is no venue for the warrant pursuant to Rule 41(b), because the seized items were not located in the Eastern District of Virginia. A copy of the warrant and supporting affidavit is being filed under seal as Exhibit 1.

## RELEVANT FACTS

On April 23, 2026, DEA Special Agent Kim submitted an application for a warrant to

seize the tokens contained in four crypto-currency accounts maintained by Tether to Magistrate Porter. The affidavit in support of the request specifically stated that the basis for the warrant was the alleged violation of the following criminal statute:

**RELEVANT CRIMINAL STATUTE**

> 10. Under 21 U.S.C. § 960(a), it is unlawful for any person to engage in conduct that would be punishable under 21 U.S.C. § 841(a) if committed within the jurisdiction of the United States, or to attempt or conspire to do so, knowing or intending to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity as defined in section 1182(a)(3)(B) of title 8) or terrorism (as defined in section 2656f(d)(2) of Title 22).

The affidavit also contains a section captioned "Probable Cause," which contained a summary of facts relevant to the crime of money laundering – not narco-terrorism pursuant to 960a. The following paragraphs demonstrate the thrust of the presentation to the Magistrate.

**PROBABLE CAUSE**

> 19. DEA agents identified MARSET as a major transnational drug trafficker based in South America. MARSET was the leader of a large-scale drug trafficking organization that distributed thousands of kilograms of cocaine, including as many as 10 tons of cocaine at a time, from South America typically to Europe. The MARSET drug trafficking organization trafficked cocaine in Bolivia, Paraguay, Urugay, Brazil, Belgium, the Netherlands, Portugal, and elsewhere.
>
> 20. Federico Ezequiel Santoro Vassallo ("SANTORO") was a Paraguay-based transnational money launderer. SANTORO was a close associate of MARSET's and served as a transnational money launderer for MARSET's drug trafficking organization. SANTORO was in direct communication with MARSET and facilitated the movement of millions of dollars of MARSET's drug proceeds from various countries in Europe to South America and other locales abroad. In total, SANTORO laundered many millions of drug proceeds.

The affidavit in support of the seizure warrant does not include a single reference to any terrorist activity or act of terrorism, which are essential elements of 960a. At the time that the

seizure warrant was approved, defendant Marset was charged only with Conspiracy To Commit Money Laundering.

**LEGAL ANALYSIS**

The Fourth Amendment expressly prohibits "unreasonable searches and seizures" and that no warrant shall issue except upon "probable cause, supported by Oath or affirmation. In order to justify the seizure of the crypto-wallets in this case, the Government is required to demonstrate probable cause to believe: (1) that the defendant has committed an offense permitting forfeiture; and (2) that 'the property at issue has the requisite connection to that crime. Matter of Search of One Address in Washington , D.C., Under Rule 41, 512 F. Supp. 3d 23, 27 (D.D.C. 2021).

In this case, the putative probable cause justification for the warrant, however, is not related to the alleged offense. This is not merely a technical error, but rather a fundamental failure of proof. In almost identical circumstance, the Ninth Circuit affirmed the suppression of evidence seized based upon a warrant that was based upon an allegation of credit card fraud, but the supporting affidavit established a different offense. The Court of Appeals reasoned that:

> [The affiant's] application for the [search] warrant requested authorization to search his cell phone for evidence of his involvement in a conspiracy to commit credit card fraud, and the supporting affidavit accordingly sought to establish probable cause to believe that [the defendant] was engaged in that offense. **In reviewing the adequacy of the probable cause showing, we must assess whether probable cause has been shown with respect to the offense asserted as the basis for issuing the warrant; whether [the affiant's] affidavit established probable cause with respect to some other offense is irrelevant**. . . . . We therefore reject the government's assertion that the warrant may be upheld because [the] affidavit established probable cause to believe that [the defendant] was a fugitive and that a search of his cell phone would yield evidence useful in finding him.

United States v. Artis, 919 F.3d 1123, 1131 (9th Cir. 2019)(emphasis added).

There is no principled distinction between the facts of the *Artis* case and those present before this Court. The Fourth Amendment's protections against unreasonable search and seizure and the requirement of probable cause compels the conclusion that the seizure warrant must be quashed.

The violation of Federal Rule of Criminal Procedure 41(b) provides an independent basis to quash the seizure warrant in this case. The Rule imposes a geographic limit on the jurisdiction of magistrates to issue search warrants. By its express terms, the Rule only allows a magistrate to "issue a warrant to search for and seize a person or property located within the district . . . " United States v. Thorne, 548 F. Supp. 3d 70, 116 (D.D.C. 2021). [1]

The affidavit in support of the seizure warrant in this case contains no reference to the location of the crypto-currency accounts. Tether is based in El Salvador, Central America and there was nothing in the affidavit presented to the Magistrate to suggest that its servers were

[1] Rule 41contains the following exceptions to the requirement that the property to be seized is located in the jurisdiction:

> (2) . . . . property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed;
>
> (3) . . . in an investigation of domestic terrorism or international terrorism—with authority in any district in which activities related to the terrorism may have occurred . . .
>
> . . . .
>
> (5) a warrant for property that is located outside the jurisdiction of any state or district, but within any of the following:
>
> (A) a United States territory, possession, or commonwealth;
>
> . . .
>
> (6) a magistrate judge with authority in any district where activities related to a crime may have occurred has authority to issue a warrant to use remote access to search electronic storage media and to seize or copy electronically stored information located within or outside that district if:
>
> (A) the district where the media or information is located has been concealed through technological means; or
>
> (B) in an investigation of a violation of 18 U.S.C. § 1030(a)(5), the media are protected computers that have been damaged without authorization and are located in five or more districts.

located in the Eastern District of Virginia, or even the United States. The affidavit does not address the limits of venue or suggest that any of the exceptions to the geographic venue limitation contained in Rule 41 applied.

**CONCLUSION**

For all of the reasons set forth in this motion, the Court should quash the seizure warrant and order the contents released.

Respectfully submitted,

/s/ Sandi S. Rhee

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

Robert Feitel

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

Joseph King

Joseph King
VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 24th day of September, 2026.

/s/ Sandi S. Rhee

Sandi S. Rhee