IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEBASTIAN ENRIQUE MARSET CABRERA,<br><br>Defendant. | Case No. 1:23-cr-143<br><br>Hon. Rossie D. Alston |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SEIZURE WARRANT**

The United States of America, by and through its undersigned counsel, respectfully submits this Response in Opposition to Defendant's Motion to Quash Seizure Warrant. Dkt. 112. The Defendant's Motion broadly seeks to quash the seizure warrant and order the return of the Tether held in the cryptocurrency wallets. In principle, the defendant asks the Court to return to him millions of dollars worth of cryptocurrency that the defendant admitted were the proceeds of his cocaine trafficking. For the reasons outlined below, the Court should deny the Motion.

**FACTUAL BACKGROUND**

On April 9, 2026, a seizure warrant was sworn out in the Eastern District of Virginia for all USDT Tokens (i.e. Tether) in Cryptocurrency wallet addresses identified by the following four wallet addresses:

a. **TNK8FAh1KwroyWTszqNFDoay7QSUmNLRMD ("Address 1");**

b. **TNBPdQMjGSHtENQg6ajqCjjngf7zys1XTS ("Address 2");**

c. **TR5Rv4KjChqFoJUFjhcYNjGTVNTkiwX9cM ("Address 3"); and**

d. **TQyE4ZmKxoyDDMLoepwwyTaKsTAxnoNqqQ ("Address 4").**

As discussed in the affidavit in support of the seizure warrant, the defendant told law enforcement that the USDT constituted drug proceeds from his cocaine trafficking in Bolivia.

On June 25, 2026, a grand jury returned a four-count Indictment charging the defendant with one count of Narco-Terrorism Conspiracy, in violation of 21 U.S.C. § 960a; one count of Conspiracy to Possess with Intent to Distribute Cocaine Aboard a Vessel Subject to U.S. Jurisdiction, in violation of 46 U.S.C. §§ 70503, 70506; one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and one count of Money Laundering, in violation of 18 U.S.C. § 1956(a)(l)(B)(i). The Second Superseding Indictment included a forfeiture notice that listed as subject to forfeiture all the Tether seized from Address 1, Address 3, and Address 4. Address 2 was not included as all the cryptocurrency in this address was sent to Address 4, leaving Address 2 empty.

## ARGUMENT

A. Federal Rule of Criminal Procedure Rule 41(h) governs the suppression of evidence, and nothing in the language of the Rule suggests it can be used to quash a seizure warrant.

Federal Rule of Criminal Procedure 41(h) states: "A defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." Thus, Rule 41(h) governs a Motion to Suppress Evidence, but makes no mention about a motion to quash a seizure warrant. *See also e.g., United States v. McLamb*, 232 F.Supp.3d 809, 812 (E.D. Va. 2017) ("Rule 41 also allows defendants to move for suppression, 'as Rule 12 provides'" and citing Fed. R. Crim. P.

41(h)). Here, the defendant is not seeking the suppression of evidence, but rather seeks to quash the seizure warrant to return the Tether held in the cryptocurrency wallets. A motion brought under Rule 41(h) cannot be used to seek the remedy the defendant seeks.

Moreover, it is not clear what evidence would be suppressed under Rule 41(h) [1]. For instance, this is not a case where an illegal seizure of a car resulted in the discovery of evidence that can be suppressed as fruit of the poisonous tree. The defendant makes no allegation that the government acquired additional evidence as the result of the alleged illegal seizure, so there is nothing to be suppressed under Rule 41(h). Even if the defendant filed a Motion to Suppress as permitted by Rule 41(h), the result would not be the quashing of the seizure warrant and the return of property. Rather, it would be the suppression of evidence.[2]

The defendant alternatively argues that Federal Rule of Criminal Procedure 41(b) provides an independent basis to quash the warrant as the rule imposes a geographic limit on the jurisdiction of magistrates to issue search warrants. The warrant at issue here seeks to seize the property citing both civil and criminal seizure authority. In contrast to search warrants, a civil seizure warrant may issue for property located outside the issuing judicial district, as long as a forfeiture action against the property may be filed within that district under the civil forfeiture venue statute, 28 U.S.C. § 1355(b). *See* 18 U.S.C. § 981(b)(3). In addition, criminal seizure warrants can be issued without regard to the location of the property. *See* 21 U.S.C. § 853(l). Furthermore, Rule 41(b)

---

[1] Because this is a motion filed by counsel, the Court need not construe it liberally. *United States v. Eighteenth Century Peruvian Oil on Canvas Painting*, 597 F.Supp.2d 618, 624 n.2 (E.D. Va. 2009) (pro se parties' submissions are entitled to a more liberal construction than those drafted by an attorney).

[2] Even if the Court finds that the seizure warrant was not supported by probable cause, suppression is inappropriate because the Fourth Amendment's exclusionary rule—a judicially created remedy designed solely "to deter future Fourth Amendment violations"—is subject to a good-faith exception that applies here. *See Davis v. United States*, 564 U.S. 229, 236 (2011).

addresses venue for a warrant application, but does not address moving to quash a seizure warrant nor does it provide for the return of property. As described below, even if the seizure was illegal and the warrant lacked probable cause, the United States is not foreclosed from criminally forfeiting the property and the property should not be returned.

Accordingly, the Court should deny the defendant's Motion to Quash on procedural grounds as a Rule 41(h) motion is used to suppress evidence and cannot be used to quash a seizure warrant. Similarly, Rule 41(b) cannot be used to quash a seizure warrant in order to seek the return of property.

B. Even if the defendant's Motion was construed as a Rule 41(g) motion, the funds are subject to forfeiture and the defendant's remedy is to challenge the forfeiture.

Pursuant to Fed. R. Crim. P. 41(g), a person aggrieved by the deprivation of property may make a motion to the Court in the district where the property was seized for that property's return. A Court should deny such a motion where "the defendant lacks entitlement to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) and *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)) (internal quotation marks omitted). Moreover, a motion for the return of property under Rule 41(g) seeks equitable relief[3] from the district court and therefore is not appropriate where an adequate remedy at law exists. *See, e.g., United States v.*

[3] One time-honored maxim of equity is that those who seek equity must do equity—in other words, one who seeks relief at equity must come to the Court with clean hands. This equitable notion of requiring clean hands applies with equal force in Rule 41(g) proceedings. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) ("[I]n order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands…[o]ne engaged in this type of criminal conduct is hardly entitled to equitable relief"). The defendant here certainly has "no equitable right to its return" given his admission that the Tether constitutes drug trafficking proceeds. *Babb v. U.S. Drug Enf. Agency*, 146 F. App'x 614, 619 (4th Cir. 2005).

*Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012) (citing *De Almedia v. United States*, 459 F.3d 377, 382 (2d Cir. 2006)); *Brown v. United States*, 692 F.3d 550, 552-53 (6th Cir. 2012); *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). The Fourth Circuit has adopted the same view. *See Babb v. U.S. Drug Enf. Agency*, 146 F. App'x 614, 619 (4th Cir. 2005) (holding that "a party who claims that the government must return seized property still must demonstrate lawful entitlement to the property and an equitable right to its return").

Even if the defendant's motion were construed as a Rule 41(g) motion, an equitable remedy is not available here because there is an adequate remedy at law. Courts have held that the grand jury's return of an indictment with probable cause to believe that the seized assets are subject to forfeiture provides an adequate remedy at law; namely, a defendant can challenge forfeiture following a conviction. *See, e.g., Kaley v. United States*, 571 U.S. 320, 330-31 (2014) (holding that the grand jury's finding of probable cause is sufficient to support the restraint of his property); *United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001) (the grand jury's finding of probable cause is sufficient to satisfy the Government's burden); *In re Billman*, 915 F.2d 916, 919 (4th Cir. 1990) (same).

Here, in returning the Second Superseding Indictment, the grand jury properly determined that the Tether contained within the cryptocurrency wallets has a nexus to the charged offenses, and the defendant cannot challenge the grand jury's probable cause finding. Indeed, his remedy at law is to challenge the government's forfeiture motion following his conviction (in the event of his conviction). *United States v. Latorre*, 2020 WL 7685935, *8 (N.D. Ga. Nov. 23, 2020) (once property is named in a notice of particulars, defendant's remedy is to contest the forfeiture in the forfeiture phase of the trial, denying defendant's Rule 41(g) motion).

The *Kaley* case is illustrative of the importance of a grand jury's finding of probable cause,

and is worth discussing in detail. In *Kaley*, Kerri Kaley and her husband, Brian Kaley, were indicted on charges related to a scheme to steal prescription medical devices and resell them for a profit. 571 U.S. at 324-25. After obtaining the Indictment, the government sought a restraining order under 21 U.S.C. 853(e)(1) to prevent the Kaleys from transferring any assets traceable to or involved in the alleged offenses including a $500,000 certificate of deposit they intended to use for legal fees. *Id.* at 325. The Kaleys moved to vacate the asset restraint, and requested an evidentiary hearing. *Id.* The Supreme Court held that defendants had "no right to judicial review of a grand jury's determination of probable cause to think a defendant committed a crime . . . in contesting the seizure of their property, they seek only to relitigate such a grand jury finding." *Id.* at 333. In reference to challenging the finding of the grand jury, the Supreme Court stated:

> If judicial review of the grand jury's probable cause determination is not warranted (as we have so often held) to put a defendant on trial or place her in custody, then neither is it needed to freeze her property. The grand jury that is good enough—reliable enough, protective enough—to inflict those other grave consequences through its probable cause findings must needs be adequate to impose this one too . . . . So the longstanding, unvarying rule of criminal procedure we have just described applies here as well: The grand jury's determination is conclusive.

*Id.* at 330–31. As the grand jury has returned the Second Superseding Indictment which lists the Tether, the grand jury has satisfied both probable cause requirements. In other words, the grand jury has found both that there is probable cause that the offenses listed in the Second Superseding Indictment have been committed, and probable cause that there is a nexus between the seized Tether and the crimes included in the Second Superseding Indictment. As a result, the defendant may not challenge the grand jury's probable cause findings, unless he can meet the *Jones-Farmer* requirements, as explained below.

Similarly, once the government has seized property with a seizure warrant, the defendant's

only remedy is to contest the forfeiture action after a conviction. The defendant cannot file a pre-trial motion for return of property. *See e.g., United States v. Stegemann*, 40 F. Supp.3d 249, 265 (N.D.N.Y. 2014) (explaining that if defendant is contesting the probable cause for the seizure of his bank records, his remedy is a motion to suppress; if he is seeking the return of the seized money because it was not derived from his offense, he must raise that issue in the forfeiture phase of his trial pursuant to Rule 32.2(b)(1)(B), not in a pre-trial motion under Rule 41(g)); *United States v. White,* 2014 WL 3898378, *4 (D. Md. Aug. 7, 2014) (Rule 41(g) cannot be used once the grand jury has returned an indictment listing property as subject to forfeiture).

There is only one exception, namely, the defendant can get a post-restraint, pretrial hearing if the Sixth Amendment is implicated in other words, by a showing that the defendant needs the seized property to obtain counsel of choice. This is known as the *Jones-Farmer* rule. To obtain a due process hearing challenging the pre-trial restraint or seizure of assets, the defendant must demonstrate that he is without funds to hire an attorney and that the government erroneously restrained his untainted assets. *United States v. Farmer*, 274 F.3d 800, 805 (4th Cir. 2001); *United States v. Johnson*, 683 Fed. Appx. 241, 249-50 (4th Cir. 2017) ("A hearing under *Farmer* is limited to a defendant's challenge to an 'erroneous deprivation' of funds.). Here, the defendant has made no indication that his Sixth Amendment right is implicated; moreover, he has admitted that the funds constitute drug proceeds. Therefore, his only remedy is to challenge the forfeiture itself.

While an illegal seizure may have evidentiary consequences, like the suppression of evidence, an illegal seizure does not impact the Government's ability to forfeit the seized property. Numerous courts hold that "the illegal seizure of property, standing alone, will not immunize that property from forfeiture, so long as the impermissibly obtained evidence is not used in the forfeiture proceeding." *See, e.g., United States v. Cosme*, 796 F.3d 226 (2nd Cir. 2015) (holding

that even if it was improper for the Government not to obtain a post-seizure probable cause determination by a judicial officer when property was seized without a warrant, an illegal seizure does not preclude the forfeiture of the property nor require its immediate return); *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 463 (6th Cir. 2006) (because the Government did not have to seize the property to make it subject to forfeiture, a finding that the seizure was illegal does not necessarily mean that the forfeiture order was invalid); *see also e.g., United States v. Schiavo,* 897 F. Supp. 644, 647 (D. Mass 1995) (compiling cases). As one treatise states:

> if the contraband character of the object to be forfeited is proved by lawfully obtained evidence, it is no defense that the object itself came into the possession of the government by an illegal search or seizure. On the merits, it may be said that the conclusion forfeiture proceedings need not be quashed merely because the government came by the property to be forfeited illegally, is no more harsh than the longstanding rule that jurisdiction over a criminal defendant is not affected by his illegal seizure.

Wayne R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 1.7(a) (6th ed. 2025 Update). *Accord* Stefan D. Cassella, Asset Forfeiture Law in the United States § 3-7(b) (3rd ed. 2022). Therefore, even an illegal seizure does not impact the government's ability to forfeit the property. The property is properly included in the Second Superseding Indictment as property with a nexus to the alleged offenses, and the defendant can challenge the forfeitability of the property at a later proceeding, specifically, in opposition to a post-trial motion by the government to forfeit the property or during the forfeiture phase of his trial.

C. The Seizure Warrant establishes probable cause that the property has a nexus to the 21 § 960a offense.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause is a "fluid concept—turning

on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The probable cause standard is the same for both search and seizure warrants *See United States v. Real Prop. 874 Gartel Drive, Walnut, Cal.*, 79 F.3d 918, 922 (9th Cir. 1996) ("The standard of probable cause to support forfeiture is similar to that required to obtain a search warrant."); *United States v. Melrose East Subdivision*, 357 F.3d 493, 504 (5th Cir. 2004) (stating that the Government's burden of proof at trial is preponderance of the evidence, but it may seize property pre-trial based only on probable cause) (citing 18 U.S.C. §§ 981(b)(2) and 985(d)). In the context of a seizure warrant, a seizure warrant is lawful when there is probable cause to believe the property is subject to forfeiture. *Kaley*, 571 U.S. at 323. To make that determination, the court considers the following: "(1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." *Id.* Whether such a fair probability—not certainty or even a preponderance of the evidence—exists turns upon the totality of the circumstances, including "reasonable, commonsense inferences" that an issuing magistrate is entitled to draw. *United States v. Richardson*, 607 F.3d 357, 371 (4th Cir. 2010). Ultimately, probable cause is "not a high bar." *Kaley,* 571 U.S. at 338.

Recognizing that reasonable minds may differ regarding whether a particular affidavit establishes probable cause, the Supreme Court has "concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)); *see also United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Generally, an affidavit submitted in support of a search warrant application is presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

"[T]he task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996) (citing *Blackwood*, 913 F.2d at 142).

Here, the seizure warrant permitted the seizure of Tether in four cryptocurrency wallets as proceeds of 21 U.S.C. § 960a (Narco-Terrorism Conspiracy). 21 U.S.C. § 960a carries criminal forfeiture of proceeds, pursuant to 21 U.S.C. § 853(a)(1) and civil forfeiture of proceeds, pursuant to 21 U.S.C. § 881(a)(6).[4] To determine whether property is proceeds of the offense, Courts use a "but for" test. *United States v. Ponzo*, 171 F.4th 507, 518 (1st Cir. 2026); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 712 (E.D. Va. 2005). Under this test, the property is considered proceeds and therefore deemed forfeitable if "a person would not have [the funds] but for the criminal offense." *United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012). This includes any property that would not have been obtained, retained, or maintained but for the crime. *United States v. Clark*, 165 F. Supp. 3d 1215, 1221 (S.D. Fla. 2016).

The facts set forth in the seizure warrant establish probable cause to believe that the defendant committed the Narco-Terrorism Conspiracy and that the Tether constitutes proceeds of that offense. The warrant describes the defendant as a drug trafficker and leader of a large-scale drug trafficking organization ("DTO") based in South America, and describes how his coconspirator Federico Santoro Vassallo facilitated the movement of the drug proceeds from

---

[4] Narco-Terrorism Conspiracy under 21 U.S.C. 960a also carries criminal forfeiture under 21 U.S.C. § 970—which states that Section 853, relating to criminal forfeitures, applies in every respect to a violation of this subchapter punishable by imprisonment for more than one year.

various countries for the DTO. The warrant describes that during the course of the conspiracy, the defendant and Santoro threatened violence[5] against others to protect the carrying on of their drug trafficking and money laundering activity. Thus, while not using the word "terrorism," the warrant does describe how the defendant along with other members of his DTO trafficked cocaine and committed acts of violence to benefit the DTO and its members. These actions permitted the defendant and the DTO to continue with their drug trafficking and money laundering activity. The warrant also states that during an interview with investigators, the defendant admitted that the Tether in the wallets constituted drug proceeds from his cocaine trafficking in Bolivia, which he carried on as an essential part of the Narco-Terrorism Conspiracy. Here, the proceeds from the drug activity directly funded the defendant, the DTO, and their terrorism activities, which were an essential part of the defendant carrying on his drug trafficking. In other words, "but for" the drug trafficking, which is the subject of the 960a offense, the defendant would not have the property at issue.[6] Therefore, there is probable cause that the Tether constitutes proceeds of the 960a activity. Moreover, a Magistrate Judge in this Court found probable cause to issue the seizure warrant, and "great deference" must be made to that determination. *Leon*, 468 U.S. at 914.

---

[5] The narcoterrorism statute cross-references section 212(a)(3)(B) of the INA, 8 U.S.C. § 1182(a)(3)(B), for the definition of what constitutes engaging in terrorist activity. *See* 21 U.S.C. § 960a(a). As relevant here, an organization engages in terrorist activities when it uses any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property. See 8 U.S.C. § 1183(a)(3)(B)(iii)(V)(b). Furthermore, a threat, attempt, or conspiracy to do the foregoing also qualifies.

[6] Courts have also recognized that an offense need not be completed before it reaches a stage where it generates criminal proceeds. *See, e.g.*, *United States v. Richard*, 234 F.3d 763, 770 (1st Cir. 2000) (checks defendant received from investors and intended to conceal from the bankruptcy court were proceeds of a completed phase of the bankruptcy fraud scheme and thus subsequent transactions were laundering offenses even though the bankruptcy fraud was not yet complete).

D. The government may seize property located outside of the district, and, as forfeiture is part of sentencing, there is no separate venue provision for criminal forfeiture.

One argument the defendant advances in support of his motion to quash the seizure warrant is that Tether is an El Salvadorian company and thus there is no venue for an Eastern District of Virginia warrant. For the reasons already articulated above, a seizure warrant does not need to be executed in the district where the property is located. Moreover, the defendant's argument overlooks the fact that the subject Tether has been included in the Second Superseding Indictment's forfeiture notice, indicating the government's intent to seek its forfeiture as part of the defendant's sentencing in this criminal case. There is no separate venue provision for criminal forfeiture because forfeiture is an aspect of the defendant's sentence. Thus, the defendant's property may be forfeited in the criminal case in which he is convicted regardless of where the property was obtained by the defendant and regardless of where law enforcement seized it. *See generally* Stefan D. Cassella, Asset Forfeiture Law in the United States, § 16-5 (3rd ed. 2002).

**CONCLUSION**

The defendant cannot use a Rule 41(h) motion to quash a seizure warrant and seek return of seized property—nor can Rule 41(b) be used to seek this remedy. A Rule 41(h) motion is used to suppress evidence, and it is not clear what, if any, evidence the defendant is attempting to suppress because he does not argue suppression in his motion. Even if the defendant's Motion was construed as a Rule 41(g) return of property motion, the Court should deny the motion as the funds are subject to forfeiture and the defendant will be afforded a full opportunity to contest the forfeiture at a later date. Moreover, Rule 41(g) is an equitable remedy and should be denied when, as is the case here, the movant has an adequate remedy of law. Furthermore, the seizure warrant at issue sets forth probable cause that the seized Tether constitutes proceeds of 21 U.S.C. § 960a. Even assuming the seizure was illegal, an illegal seizure does not prevent the government from

forfeiting the property. The defendant is not without recourse, as the defendant can still challenge the forfeiture of the property in a later proceeding. For these reasons, the Government respectfully requests that the Court deny the defendant's motion to quash the seizure warrant.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: September 7, 2026

By: /s/

Annie Zanobini
Anthony T. Aminoff
Catherine Rosenberg
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Office Number: (702) 299-3700
Annie.Zanobini2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 7th day of September, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Catherine Rosenberg
Assistant United States Attorney