IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEBASTIAN ENRIQUE MARSET CABRERA,<br><br>Defendant. | Case No. 1:23-CR-143<br><br>Hon. Rossie D. Alston |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT THREE (DKT. NO. 96)**

The United States, through undersigned Counsel, hereby supplements its Response in Opposition (Dkt. No. 123) to defendant's Motion to Dismiss Count Three (Dkt. No. 96), if leave is granted to file out of time.

RELEVANT ADDITIONAL FACTS

In 2021, a DEA agent, acting in an undercover capacity and posing as a high-level drug trafficker (hereinafter, "the UC"), was in communication with an individual (referred to as Unindicted Co-Conspirator 3, or UCC-3, in Dkt. No. 123) who worked for Federico Ezequiel Santoro Vassallo (Santoro). They communicated by both phone and text over several months. The UC was assigned to the DEA office located in Chantilly, Virginia, within the Eastern District of Virginia. The vast majority of the UC's calls and texts with UCC-3 happened while the UC was located within the Eastern District of Virginia. The calls and texts were preserved and have been disclosed in discovery.

In and around May 13 and May 14, 2021, UCC-3 asked the UC for help. UCC-3 stated in sum and substance that he/she was having difficulty with a bank freezing certain accounts, and, as

a result, UCC-3 owed Santoro money. UCC-3 stated that Santoro was threatening UCC-3's people. UCC-3 stated that UCC-3 needed time to pay back Santoro and his boss. UCC-3 asked the UC if he knew Santoro and could assist UCC-3 in getting more time to make payment. UCC-3 passed a ledger of transactions that UCC-3 had performed for Santoro to the UC to assist the UC in determining if he had contacts with Santoro's people. The UC was physically present in the Eastern District of Virginia for these phone calls and text messages.

Santoro is a co-defendant in this case and the money in question owed by UCC-3 was the defendant's drug money.

## RELEVANT LAW AND ANALYSIS

Venue for a money laundering conspiracy "may be brought … in any other district where an act in furtherance of the … conspiracy took place." 18 U.S.C. § 1956(i)(2). "It is well-established that **"phone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."** *United States v. Donato*, 866 F. Supp. 288, 291 (W.D. Va. 1994) (emphasis added) (*citing United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994); *United States v. Day*, 700 F.3d 713, 727 (4th Cir. 2012) (Fourth Circuit and others "have recognized that simple acts such as phone calls from a district can give rise to venue in conspiracy cases"); *United States v. Stewart*, 878 F.2d 256, 258 (8th Cir.1989); *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982); *United States v. Strickland*, 493 F.2d 182, 187 (5th Cir. 1974)) (emphasis added). Here, UCC-3 sought the UC's help to get more time to pay back drug money owed to Santoro and the defendant. In furtherance thereof, UCC-3 made several phone calls and sent several text messages into the Eastern District of Virginia. These calls thus unquestionably further the goals of the conspiracy; they were made

in the hope of getting the defendant's money laundering operation functioning again. *Donato*, 866 F. Supp. At 291 (a call "simply must further the goals of the conspiracy.").

The actions of any co-conspirator will establish the basis for venue over all others. *United States v. Anderson,* 611 F.2d 504, 511–12 n. 5 (4th Cir.1979); *United States v. Al-Talib*, 55 F.3d 923, 928 (4th Cir. 1995) ("Proof of acts by one [coconspirator] can be attributed to all members of the conspiracy."). Therefore, venue is proper in a conspiracy case in any district in which one conspirator undertook an act in furtherance of the conspiracy, even where "there is no evidence that the defendant had ever entered that district or that the conspiracy was formed there." *United States v. Mitchell*, 70 F. App'x 707, 711 (4th Cir. 2003) (unpublished); *see also United States v. Green*, 599 F.3d 360, 372-73 (4th Cir. 2010) (finding venue proper in Virginia, where conspirator committed overt act, even where defendant lived and participated in conspiracy from Florida and did not know the coconspirators or full scope of conspiracy). The Fourth Circuit has specifically held that the venue-creating act need not be reasonably foreseeable, especially where, as here, the money laundering venue provision explicitly does not include such a requirement. *United States v. Almonor*, No. 24-4022, 2025 WL 3642268 (4th Cir. Dec. 16, 2025) (declining to add a reasonable foreseeability requirement to money laundering venue provision (18 U.S.C. § 1956(i)(2)) because its plain text does not include it).

Defense counsel may argue that the indictment did not detail these acts in the Second Superseding Indictment (SSI). But that is of no import. "The indictment need not detail specific acts that support the charge." *United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021) (holding that money laundering conspiracy sufficient pled venue where the indictment merely stated the judicial district in question); *see also United States v. Sutton*, No. 2:24-cr-00192, 2025 WL 1873078, *3 (S.D. W.Va. July 7, 2025) (indictment stating that defendants "aided and abetted

each other" in conducting an unlawful financial transaction "in the Southern District of West Virginia" sufficiently alleges venue; rejecting argument that indictment provides "no factual support for venue" because that is a jury issue). Here, the SSI alleges that the offense took place in the Eastern District of Virginia. That is sufficient to deny his pre-trial motion.

Therefore, venue is also appropriate in this district under 18 U.S.C. § 1956(i)(2), in addition to 18 U.S.C. § 1956(i)(1)(A) and 18 U.S.C. § 3238.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: September 12, 2026

By: /s/

Anthony T. Aminoff
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Anthony.Aminoff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/
Anthony T. Aminoff
Assistant United States Attorney