UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO COMPEL EXCULPATORY EVIDENCE AS TO COUNTS THREE AND FOUR**

## INTRODUCTION

The defense is respectfully filing this Motion To Compel, asking the Court to order the Government to provide any and all information in its possession concerning the representation that the international wire transfer that is the basis of venue for Counts Three and Four of the Fourth Superseding Indictment were processed through a server in Richmond, Virginia. In light of the testimony elicited from the defense witness during the oral arguments on September 23, 2026, there is a good faith reason to believe that this information is necessary for the Court to determine whether venue exists – and that there is a reasonable possibility that the information will be helpful to the defense in support of its motions to dismiss. Because this information is critical to the pending motions to dismiss, the defense respectfully requests that the Court promptly grant this motion and order the production of the requested information to both the defense and this honorable court.

## RELEVANT FACTS

Venue for Counts Three and Four of the Second Superseding Indictment (SSI) is predicated on the allegation that a wire transfer took place on February 18, 2021, from a bank in

Portugal to a bank in China. The Government specifically alleged in the SSI that "Bank of America served as the correspondent bank for the transaction, with its servers located in Richmond, Virginia, within the Eastern District of Virginia, processing the transaction." ECF 95 at para. 20.

The defense repeatedly requested information concerning the basis of the representation, as well as information concerning the path of the other wire transfers as part of its argument that the transfer was at best a de minimis, unforeseen event.

1. **August 11, 2026 Letter**:

In a discovery letter dated August 11, 2026, defense counsel requested the following information with respect to the other wires:

> Are there any other wire transfers identified by the Government that allegedly transited through a server located in the Eastern District of Virginia?
> Does the Government have a list of where the servers for the other Responding Banks are located?

**2. August 18, 2026 Letter**:

Similarly, in a discovery letter dated August 18, 2026 the defense requested the defense requested as follows:

> the production of all information concerning the location of all the "bank severs" for the two hundred and two (202) other wire transfers contained in the Government's Reconciliation Excel Spreadsheet. We request any and all information concerning the "rotation" schedule of such servers during the time period of the Money Laundering Conspiracy alleged in Count Three of the SSI, which is February 2018 to and including 2023.

**3. September 2, 2026 In Person Meeting**

During an in-person meeting with the Government on September 2, 2026, the defense specifically requested information concerning the identity of the Bank Of America employee(s)

who stated that the "server" processed the international wire transfer. The Government emphatically denied that it was obligated to provide the name of the witness. To date, no no other additional information has been provided to the defense.

As the Court knows, a few days before the oral arguments, the defense located a former Treasury Department senior analyst, who testified that there were two parallel processes reflected in the Bank Of America report produced in discovery. The first process was the wire transfer, which was sent along the following path: Nova Bank in Portugal → Bank of America → HSBC Bank United States → HSBC Bank China → Hong Kong and Shanghai Bank, China. The wire transfer did not involve the "server."

The second process was an internal bank "compliance" check with the Treasury Department blocking regulations. This parallel procedure involved in the Bank of America "server" relied upon by the Government to establish venue. The wire was sent on February 18, 2021, at which time the active server was located in Levittown, Pennsylvania.

These facts were previously not known to the defense because the Government never stated, in writing or orally, that there were two parallel processes simultaneously operating with respect to the wire transfer. Thus, the defense lacked critical information necessary to present to the Court in the motions to dismiss.

At no time during these proceedings did the Government even attempt to establish that the server was critical and/or necessary to the processing of the wire transfer. All relevant information concerning the server is now even more critical to the defense motion to dismiss for lack of venue. If the server was nothing more than an auxiliary process that would not ultimately have affected the completion of the wire transfer, then such information would be exculpatory.

As noted, the defense therefore requests that this Court favorably rule on this motion so that the information can be provided and relied upon by the defense to supplement its prior pleadings.

**LEGAL ANALYSIS**

It is well settled that the Government has an obligation to provide exculpatory evidence to the defense under *Brady* and its progeny. Brady v. Maryland, 373 U.S. 83 (1963).The prosecution's suppression of evidence favorable to the accused violates due process. See United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The Brady standard is most often expressed post-trial, at which time to secure relief, a defendant must:

> (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material. . . . The burden of proof rests with the defendant.

United States v. King, 628 F.3d 693, 701–02 (4th Cir. 2011).

This standard applies whether the defense has made specific, general, or even no request for disclosure of exculpatory evidence. Hillman v. Hinkle, 114 F. Supp. 2d 497, 502 (E.D. Va. 2000). [1]

In this case, the defense specifically and repeatedly requested information concerning the "server" and it relationship to the wire transfer, as well as the routes of the other alleged 202 wire transfers. The SSI and the Government's pleadings repeatedly claimed that the "server" processed the wire transfer. That now does not appear to be accurate. Accordingly, the defense was previously denied the opportunity to seek meaningful discovery because the alleged facts were discordant with the actual facts.

---

[1] In this case, the defense has sent seven letter requests for discovery to the prosecution. The prosecution has not responded to the majority of the requests, which may cause the defense to submit additional motions in this case.

The Government unambiguously alleged that it was advised by Bank of America that the Richmond server "processed" the transaction. Given the contrary testimony of the defense witness and the critical importance of this issue to the venue motion, this Court should order the Government to provide all information in its possession concerning the role of the server; that is, what data did it transmit; when did the data transit through the server; and what relationship did the server have to the wire transfer. The answers to these questions are necessary to inform the Court and the defense and ensure that all relevant argument – both legal and factual – can be brought to the Court's attention.

If the information in the Government's possession is contrary (in any way) to its public position about the server's function then it is exculpatory and should already have been disclosed. If the information would lead to other exculpatory evidence then it should already have been disclosed. If the information might lead to other avenues for the defense investigation in this case, then it must likewise be disclosed at this time.

**CONCLUSION**

The defense requests that this Court, after a full and complete evaluation of the record before it, conclude that additional information concerning the function of the Bank of America "server" is at least potentially exculpatory and order its immediate production under the *Brady* doctrine.

Respectfully submitted,

/s/ Sandi S. Rhee

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202)285-8366

SandiRheeLaw@Gmail.com
VA Bar No. 47328

Joseph King

______________________________

Joseph King
VA Bar #65632
King, Campbell, Poretz & Mitchell Pllc.
118 N. Alfred Street
Alexandria, VA 22314
(703) 683-7070 (o)
(703) 652-6010 (f)
jking@kingcampbell.com

Robert Feitel

______________________________

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 28th day of September, 2026.

**/s/ Sandi S. Rhee**

________________________________

Sandi S. Rhee