IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 1:23-cr-143 (RDA) |
| SEBASTIAN ENRIQUE MARSET CABRERA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter comes before the Court on Defendant Sebastian Enrique Marset Cabrera's ("Defendant") Motion to Compel Exculpatory Evidence as to Counts Three and Four ("Motion to Compel"). Dkt. 151. Defendant asks the Court to compel the Government to produce all information in its possession concerning the function and location of a Bank of America server allegedly associated with an international wire transfer relevant to venue. *Id.* at 1. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). For the reasons set forth below, the Court DENIES the Motion to Compel.

## I. BACKGROUND

Counts Three and Four of the Second Superseding Indictment arise, in part, from an international wire transfer sent on February 18, 2021, from a bank in Portugal to a bank in China. Dkt. 92; Dkt. 151 at 1-2. The Second Superseding Indictment alleges that Bank of America served as the correspondent bank for that transaction and that a Bank of America server located in Richmond, Virginia processed the transaction. Dkt. 92 ¶ 20.[1]

According to Defendant, testimony presented at the September 23, 2026 Motions Hearing calls the role of the Richmond server into question. *Id.* at 1. Specifically, Defendant represents

[1] Defendant identifies the relevant language as coming from docket entry 95. *See* Dkt. 151 at 2. Docket Entry 95 is not the Second Superseding Indictment.

that a former Treasury Department analyst testified that two processes occurred in connection with the transaction. *Id.* at 2. The first was the international wire transfer itself, which Defendant contends did not involve the server at issue. *Id.* The second was an internal Bank of America compliance process, which did involve the server on which the Government relies to establish venue. *Id.* Defendant contends, however, that the server's involvement was limited to that separate compliance process and was not part of the wire transfer itself. *Id.* Defendant further argues that the active server used for the compliance process was located in Levittown, Pennsylvania, on the date of the transfer. *Id.*

Based on that testimony, Defendant filed the present Motion to Compel on September 28, 2026. *Id.* Defendant seeks all information in the Government's possession concerning the Bank of America server, including its function, the data it transmitted, and its relationship to the wire transfer. *Id.* at 5. Defendant invokes *Brady v. Maryland*, 373 U.S. 83 (1963), but repeatedly characterizes the information in conditional terms. The Motion asserts that there is "a reasonable possibility that the information will be helpful to the defense," *id. at 1*; that, "[i]f the server was nothing more than an auxiliary process," information concerning that fact "would be exculpatory," *id. at 3*; and that, "[i]f the information might lead to other avenues for the defense investigation," it must likewise be disclosed, *id.* at 5. The Motion ultimately characterizes the requested information as "at least potentially exculpatory." *Id.* at 5.

## II. STANDARD OF REVIEW

Under *Brady*, the Government must disclose evidence favorable to the accused that is material to guilt or punishment. 373 U.S. at 87; *United States v. King*, 628 F.3d 693, 701-03 (4th Cir. 2011). A defendant seeking undisclosed *Brady* material need not identify its precise contents, but he must make "some plausible showing" that favorable evidence exists and identify the

requested material "with some degree of specificity." *King*, 628 F.3d at 703. Specificity ensures that the Government's *Brady* obligations do not become "unduly burdensome," *Monroe v. Angelone*, 323 F.3d 286, 316 (4th Cir. 2003), and that the defendant does not conscript the court for "a groundless fishing expedition," *King*, 628 F.3d at 703. A defendant satisfying that threshold becomes entitled to have the identified information submitted for an *in camera* review—not to immediate access to the material himself. *Id.*

That requirement does not permit a defendant to use *Brady* as a vehicle for general discovery. *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) ("We have often noted that *Brady* requests cannot be used as discovery devices. As the Supreme Court remarked, 'There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.'" *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977)). As the Fourth Circuit recently reiterated, "the mere possibility that an item of undisclosed information might have helped the defense" does not establish constitutional materiality. *United States v. Dugan*, 136 F.4th 162, 170 (4th Cir. 2025) (quoting *United States v. Agurs*, 427 U.S. 97, 109-10 (1976)). And where a defendant can only speculate about what requested information might reveal, the defendant has not established a right to production under Brady. *Id.*; *Caro*, 597 F.3d at 619-20.

## III. ANALYSIS

Defendant has not made the showing necessary to compel production under *Brady*. As an initial matter, at least some courts of appeals have recognized that "information that is material only to a venue decision does not implicate *Brady*." *United States v. Peake*, 874 F.3d 65, 72 (1st Cir. 2017). This is so because "[v]enue is not a substantive element of a crime." *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). Defendant, who bears the burden in this regard, has not established that evidence relating to venue is implicated under *Brady*.

Nonetheless, addressing the merits of the Motion. The Motion identifies a dispute concerning the role of the Bank of America server, but it does not identify evidence in the Government's possession that is favorable to Defendant. Instead, Defendant reasons that the Government ***may*** have responsive information that ***could*** prove favorable depending on what that information ultimately shows. Thus, Defendant argues that the requested information would be exculpatory ***if*** the server was merely auxiliary to the wire transfer, and that such information ***might*** lead to additional evidence or other avenues of investigation. Dkt. 151 at 1, 3, 5. Those assertions establish the possibility that further discovery could prove useful; they do not establish that undisclosed favorable evidence exists.[2]

The Fourth Circuit rejected materially similar reasoning in *United States v. Dugan.* 136 F.4th 162 (4th Cir. 2025). There, the defendant sought additional information concerning the source and methods underlying a foreign law-enforcement investigation, theorizing that further discovery could support his constitutional claims. *Id*. at 169. The Fourth Circuit affirmed denial of the motion because the theory was speculative and unsupported by evidence, explaining that a defendant cannot satisfy *Brady* by speculating about what requested information might reveal. *Id.* at 169-71. The same principle applies here. Defendant has identified questions he would like answered about the server; but he has not made a plausible showing that the Government possesses undisclosed evidence favorable to him.

[2] The testimony of the defense witness does not make it at all clear that any evidence in the Government's possession would be helpful to the defense. The defense witness conceded that the Bank of America server in Richmond participated in the compliance check relevant to the processing of the transaction at issue. Dkt. 152 at 53:5-8; *id.* at 54:3-8 ("It participated in the compliance process that Bank American required or used . . . ."). Moreover, as discussed at the hearing, the Bank of America server is not the Government's only basis for venue in this District. *Id.* at 40:12-41:17.

Nothing in this Order alters the Government's continuing obligation to disclose evidence subject to *Brady* and its progeny.

## IV. CONCLUSION

For all of the reasons above, it is hereby ORDERED that Defendant's Motion to Compel Exculpatory Evidence as to Counts Three and Four (Dkt. 151) is DENIED.

The Clerk of the Court is directed to provide this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
October 9, 2026

/s/

Rossie D. Alston, Jr.
United States District Judge