UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Case No. 1:23-CR-143 |
| SEBASTIAN ENRIQUE MARSET CABRERA | : | |
| Defendant | : | |

## DEFENDANT'S MOTION TO STAY SEARCH OF ELECTRONIC DEVICE

## INTRODUCTION

Defendant Sebastian Marset respectfully moves this Court to stay the search of an iPhone in the custody of the United States and to Order the Government to provide additional information concerning the seizure of the device. As explained herein, this motion is necessary to maintain the status quo and assure that the prosecution does not review the contents of the telephone until the defense has a fair opportunity to determine whether a motion to quash a pending search warrant for the device would be appropriate.

## SUMMARY OF FACTS

The defendant was taken into custody by the Bolivian Police on March 13, 2026. At the time, three cellular telephones were seized from the defendant and turned over to the DEA. The defendant provided the passcode for the telephones during his custodial interrogation with the DEA agents at Dulles Airport on March 14, 2026.

According to a DEA report prepared on July 21, 2026, during the defendant's transportation to the federal courthouse in Alexandria, Virginia on March 16, 2026, he "mentioned that there was an additional phone" that he had not seen during the Dulles Airport interview. That claim, however, is not supported by the contemporaneous report of the interview

that was prepared of the March 16, 2026, interview, which contains no mention of an additional telephone.

According to other DEA reports, the agents who conducted the interview with the defendant on March 16, 2026, contacted their colleagues in Bolivia, who were told (for the first time) that the Bolivian police had located and seized a "safe" found in an adjacent house to the location of the defendant's arrest. The Bolivian police claimed that they had transported the safe to a police station, where they took a video and photographs and of its contents. Allegedly found inside of the safe was a black iPhone (identified by the DEA as N-12). The iPhone was turned over by the Bolivian authorities to the DEA agents in Bolivia on March 24, 2026. The iPhone was then transferred to DEA SA Ganzel in Virginia on April 14, 2026. No contemporaneous report of the chain of custody appears to have been prepared. [1]

Rather, a DEA report dated July 21, 2026, states that on April 14, 2026, SA Ganzel powered on the iPhone and unlocked the device. After checking the phone for "cryptocurrency," it was powered off. Remarkably, on April 16, 2026, SA Ganzel again powered on the phone and this time had a DEA technician conducted an "extraction" of the device and copied its contents to a USB drive. The agent theorized that the search did not require a court order because the defendant had previously "consented" to the search of his other devices. It is unknown if SA Ganzel made the legal determination concerning the scope of consent of his own accord or consulted with a prosecutor before ordering the iPhone extraction.

The defense does not know whether the agents or prosecutors assigned to this case reviewed the extracted data. On or about July 13, 2026, however, the prosecutors assigned to this

---

[1] The chain of custody report documenting receipt of the iPhone from the Bolivian police and its transportation to the United States was prepared on July 10, 2026.

case obtained a judicially authorized search warrant for the phone. Discovery concerning some of the foregoing matters was turned over to the defense on October 16, 2026.

After a review and analysis of these matters, and in order to effectively represent their client, the defense asks the Government to provide, *inter alia*, copies of the photographs and/or video relating to opening the safe, a copy of the affidavit in support of the search warrant for the safe, and whether the agents or prosecutor assigned to this case had access and/or reviewed the information obtained from the April 16, 2026, iPhone extraction. Because of the urgency of this matter, the defense is filing this motion in advance of receiving those materials.

**ANALYSIS**

The totality of circumstances surrounding the alleged recovery of the black iPhone raise significant legal and factual questions.

First, no reports concerning the search of the safe by the Bolivian police have been provided and it is impossible for the defense to be certain as to the timing of the search and whether it was done at the behest of the DEA or was otherwise valid under Bolivian law. If the safe was illegally searched by the Bolivian police acting as agents of United States law enforcement, then a motion to dismiss would be appropriate and all the evidence seized from the safe – including the iPhone – should be suppressed as fruits of the poisonous tree. See, e.g., United States v. Tyson, 781 F. Supp. 3d 483, 510 (E.D. Va. 2025)(courts may also suppress evidence that is the indirect product of the illegal police activity as "fruit of the poisonous tree").

Second, the initial warrantless search of the iPhone by SA Ganzel appears in all respects to be a violation of the defendant's Fourth Amendment rights. Any subsequent judicially authorized search warrant would not cure the initial taint, unless the basis for the warrant was "wholly unconnected" to the original illegal search. See Segura v. United States, 468 U.S. 796

(1984)(police officers' illegal entry upon private premises did not require suppression of evidence subsequently discovered at those premises when executing a search warrant obtained on the basis of information wholly unconnected with the initial entry).

Third, the months long delay in providing any notice concerning the search of the safe and the recovery of the black iPhone to the defense until after the deadline for filing pre-trial motions has put the defense at a tactical disadvantage.

Fourth, the lack of discovery, including photographs and/or video of the iPhone, or the affidavit in support of the search warrant have further compromised the defense ability to defend against these charges – as the trial date is quickly approaching.

For all of these reasons, the defense respectfully requests that the Court takes immediate steps to preserve the status quo by ordering a stay of any further search and disclosure of the iPhone until such time as the defense can obtain copies of the affidavit in support of the warrant and determine whether other appropriate motions should be filed in this case. A brief delay while these matters are resolved should not adversely affect the Government's interests and this motion was occasioned by their failure to promptly advise the defense of these matters.

Undersigned counsel have not located any similar cases with respect to the relief requested in this case. This Court, however, has the authority under the All Writs Act, 28 U.S. Code Section 1651 to "issue all writs necessary or appropriate in aid of their respective jurisdictions." We respectfully ask the Court to invoke that authority and order a stay of any further review of the contents of the iPhone unless the defense receives the requested information and can more fully assess the available legal options.

**CONCLUSION**

For all of the reasons set forth in this motion, the Court should grant the requested relief

in order to preserve the status quo in this case and prevent any future examination of the iPhone and review of its contents..

Respectfully submitted,

/s/ Sandi S. Rhee

Sandi S. Rhee
Counsel for the Defendant
10001 Georgetown Pike, #63
Great Falls, VA 22066
(202) 285-8366
SandiRheeLaw@Gmail.com
VA Bar No. 47328

Robert Feitel

Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Anthony Aminoff and Catherine Rosenberg, Assistant United States Attorneys for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, VA 22314, and current defense counsel this 23rd day of October, 2026.

/s/ Sandi S. Rhee

Sandi S. Rhee