IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEBASTIAN ENRIQUE MARSET CABRERA,<br><br>Defendant. | Case No. 1:23-CR-143<br><br>Hon. Rossie D. Alston |

**GOVERNMENT'S MOTION *IN LIMINE* TO PERMIT INTRODUCTION OF "OTHER CRIMES" EVIDENCE AS INTRINSIC OR PURSUANT TO RULE 404(b) AT TRIAL**

## I. Introduction

The defendant, Sebastian Enrique Marset Cabrera, is charged with conspiring to traffic five kilograms or more of cocaine from in and around 2018 through March 13, 2026, knowing or intending to provide anything of pecuniary value to the Marset Drug Trafficking and Money Laundering Organization (also known as the Primer Cartel Uruguayo, or PCU), knowing that this organization engaged in terrorist activity or terrorism.[1] The defendant is also charged with conspiring to possess with intent to distribute five kilograms of cocaine on board a vessel subject to the jurisdiction of the United States by virtue of its status as a vessel without nationality. The defendant is also charged in a conspiracy to launder money and a substantive money laundering count.

The defendant ran a massive international drug trafficking operation that distributed multi-ton kilogram quantities around the world. The defendant ran his organization in a ruthless, brutal

[1] Terrorist activity is defined, in pertinent part, as: "the … sabotage of any conveyance," "an assassination," and "the use of any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain) with the intent to endanger, directly, or indirectly, the safety of one or more individuals or to cause substantial damage to property." Terrorist activity also encompasses a threat, attempt, or conspiracy to do any of the preceding.

manner, killing those that opposed him or cooperated with law enforcement. He also did not tolerate governments interfering in his criminal activity, employing a classic *plata o plomo*—silver or lead—model to coerce governments into acceding to his will.[2] In practice, this meant that the defendant threatened, bombed, and even murdered those members of law enforcement whom he could not corrupt. The government will introduce evidence regarding the defendant's drug trafficking, possession of weapons, and use of violence to maintain control of his drug empire and to coerce governments, all clearly direct evidence of the crimes charged.

The focus of this motion is to provide notice, out of an abundance of caution, that the government will also seek to admit limited evidence of bribery—the other half of his *plata o plomo* strategy. In particular, the government will introduce some evidence regarding bribery in Uruguay, Paraguay, Bolivia, and Venezuela; that is, that the defendant paid government officials in order to receive information and protection from law enforcement. These bribes allowed him to carry on his drug trafficking, money laundering, and terrorist activities without interference from law enforcement. To wit, the following are examples of the kind of testimony the government will adduce:

1) The government anticipates testimony regarding the payment of a regular bribe between the defendant and a high-ranking official in Bolivia. The official would divide the payment between several other members of the Bolivian government. The payments allowed the defendant's organization to traffic drugs without interference from the government, and if any cocaine loads were seized, corrupt officials would release the loads back to the defendant for an additional fee. Payments also allowed the

[2] The *plata o plomo* strategy was first employed by Pablo Escobar and the Medellin Cartel. It essentially means "take the bribe or take the bullet."

defendant to receive drug trafficking files from Bolivian law enforcement, to evade capture operations, and to receive notice of DEA meetings with Bolivian officials.

2) The government anticipates introducing the defendant's conversation with Special Agent Greisen on March 26, 2025. Special Agent Greisen contacted the defendant on that day in an effort to convince the defendant to turn himself in. The defendant stated, "I'm not afraid of you. My problem is with Paraguay … I'll take care of it over there. With money. The way this is solved. There is no justice." The defendant would go on to threaten S.A. Greisen, telling him "it's going to get ugly" and "no one is immortal."[3]

3) The government anticipates other brief testimony regarding corrupt contacts of the defendant. The defendant paid these members of law enforcement for information that allowed him to carry on his drug trafficking, money laundering, and terrorist activities. Such information included whether individuals in his organization were cooperating with law enforcement. The defendant would then threaten those individuals to stop them cooperating or simply have them killed.

The government believes all of this evidence is intrinsic to the charged conspiracy, but notices it under Rule 404(b) as well in an abundance of caution.[4]

## II. Legal Standards

### A. Intrinsic Evidence

Federal Rules of Evidence 401 and 402 establish the broad principle that relevant evidence is admissible at trial except as otherwise provided by the Constitution, federal statute, or Rules of Evidence. *See* Fed. R. Evid. 401, 402; *United States v. Abel*, 469 U.S. 45, 51 (1984). Rule 403

[3] All translations included herein are draft translations.

[4] The government further notes that 404(b) notice is not due until ten business days before trial. Dkt. No. 79 at 5. As a result, the government may seek to supplement its 404(b) notice as it continues to meet with and prepare witnesses for trial.

allows a trial judge to exclude relevant evidence if, among other things, "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

"Rule 404(b) limits only the admission of evidence of acts extrinsic to the one charged, but does not limit the admission of evidence of intrinsic acts." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). The United States Court of Appeals for the Fourth Circuit has "consistently held that 'acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.'" *United States v. Bush*, 944 F.3d 189, 195–96 (4th Cir. 2019) (quoting *Chin*, 83 F.3d at 87–88); *see also United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) ("Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.").

Other crimes evidence is intrinsic when such evidence "furnishes part of the context of the crime" or is "necessary to a full presentation of the case," or is "so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its environment that its proof is appropriate in order to complete the story of the crime on trial by proving its immediate context," or "the uncharged offense is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . . (and is thus) part of the res gestae of the crime charged." *United States v. Masters*, 622 F.2d 83, 85-86 (4th Cir. 1980) (internal quotation marks omitted). A jury "is entitled to know the setting of a case. It cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge." *Id.* (internal quotation marks omitted). Evidence of bad acts that "provide context relevant to the criminal charges" is admissible without consideration of the requirements of Federal Rule of Evidence 404.

*Siegel*, 536 F.3d at 317. The same is true for evidence that "serve[s] to complete the story" of the crimes on trial. *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000); *see also* Weinstein's Federal Evidence § 404.20[2][c] (observing that evidence the absence of which "would leave a chronological or conceptual void in the story of the crime" is "intrinsic evidence"). As the Supreme Court has recognized, in analyzing the admissibility of evidence, the trial court should make its determinations "with an appreciation of the offering party's need for evidentiary richness and narrative integrity in presenting a case." *Old Chief v. United States*, 519 U.S. 172, 183 (1997).

**B. Federal Rule of Evidence 404(b)**

Under Rule 404(b), evidence of a crime, wrong, or other bad act is not admissible to prove a defendant's character in order to show that on a particular occasion the defendant acted in accordance with that character. Fed. R. Evid. 404(b). Such evidence may be admitted, however, under one of several exceptions set forth in Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018) (quoting Fed. R. Evid. 404(b)). The rule "is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *Siegel*, 536 F.3d at 317.

In the Fourth Circuit, Rule 404(b) evidence "must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant." *Cowden*, 882 F.3d at 472. In this respect, "the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." *Id*. Additionally, the prior bad act "must be necessary in the sense that it is probative of an essential claim or an element of the offense." *Id.*; *see also United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) (evidence is necessary when it is an "essential part of the crimes on trial, or where it furnishes part

of the context of the crime."). Such evidence must also be reliable. *Cowden*, 882 F.3d at 472. Finally, as described further below, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Id.*

### C. Rule 403

Rule 403 requires the Court to evaluate whether the probative value of evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Since any evidence that is probative of guilt is, by definition, prejudicial, Rule 403 is designed to reach only unfair or undue prejudice, which occurs when "some concededly relevant evidence…lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Hart*, 91 F.4th 732, 742 (4th Cir. 2024) (internal quotation marks omitted).

## III. Argument

Evidence of bribery is routinely admitted as either intrinsic evidence or 404(b) in international drug trafficking trials because it is an essential component of how these organizations function. In *United States v. Fagot-Maximo*, the government introduced evidence of bribery on the part of the defendant's Honduran drug trafficking organization without noticing the evidence under 404(b). *See, e.g.*, Transcript of Trial Testimony (Day 2) at 258, *United States v. Fagot-Maximo*, No. 1:15-cr-290 (E.D. Va. 2018) (witness, a leader of allied DTO, stated that "The [defendant's DTO] would bribe people up to Ceiba. And then I would bribe people from Ceiba … up to the Guatemalan border."). This is correct because intrinsic evidence need not be noticed, and the bribery evidence explained how the drug trafficking organization worked and provided crucial

context to the jury. *See Siegel*, 536 F.3d at 317. In *United States v. Gonzalez-Oseguera*, the district court brushed aside the distinction between extrinsic evidence and Rule 404(b), writing, "Regardless of whether [the evidence of bribery] is extrinsic, it is certainly admissible under Rule 404(b), as probative of, and thus relevant to, each element of Count One; that is, that an agreement existed … that defendant intended for the drugs to be unlawfully imported, and that the defendant knew of the charged conspiracy's unlawful purpose." *Gonazlez-Oseguera*, No. 16-cr-229, Slip op. at 15 (D.D.C. Aug. 12, 2024) (defendant was leader of Mexican DTO); *see also United States v. Lorenzana-Cordon*, 141 F. Supp. 3d 35, 41-42 (D.D.C. Oct. 30, 2015) (admitting evidence of defendant's bribes both before and during the charged conspiracy; defendant was leader of Guatemalan drug trafficking organization). That is certainly the case here as well; these bribes were essential the defendant's organization moving large quantities of cocaine.

It is worth noting that these other cases involved only drug trafficking charges. Here, the defendant is charged with violating 21 U.S.C. § 960a, the narcoterrorism statute, and his relationship with the government and law enforcement is a central component of the case. Government and law enforcement officials in South America either took his money or suffered his wrath. As the defendant admitted to the DEA in his post-*Miranda* statement, a prosecutor in Uruguay was "incorruptible," so he bombed her office and threatened her. When Special Agent Greisen contacted the defendant to suggest he turn himself in, the defendant threatened Agent Greisen while simultaneously suggesting he would bribe Paraguay. Putting some evidence before the jury of bribery is therefore necessary to provide key context to the other side of *plata o plomo*.

Finally, the admission of this bribery evidence described herein as direct, intrinsic evidence, or as admissible pursuant to Rule 404(b), is not outweighed, much less "substantially outweighed," by any risk of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice may result when

the other crimes evidence is so "sensational" or "disturbing" that it would inflame the jury's passion. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir.1995) (bad acts evidence not barred by Rule 403 where such evidence "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"). The defendant's charged crimes are incredibly serious: he engaged in international cocaine trafficking knowing or intending to provide anything of pecuniary value to an organization that engaged in terrorist activity. He also laundered hundreds of millions of dollars. Bribery, while serious, is considerably less sensational. *See United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (evidence of non-fatal shooting two years prior to charged drug-related homicide not unduly prejudicial in part because it was less sensational than the murder). Bribery is also something that is inextricably intertwined with international drug trafficking; it's inclusion at trial will hardly be surprising to the jury, and, thus, there is not a "substantial risk that jurors would be excited to irrational behavior." *Siegel*, 536 F.3d at 319 (concluding that district court abused its discretion by determining that Rule 403 required exclusion of other crime evidence where other crime evidence described fraudulent conduct that was substantially similar to conduct on trial). Furthermore, any Rule 403 concerns arising from admitting the other crimes evidence can be addressed through a limiting instruction to the jury. *See United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (the unfair prejudicial value of evidence "can be generally obviated by a cautionary or limiting instruction, particularly if the danger of prejudice is slight"); *United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995) (noting that "cautionary or limiting instructions generally obviate" prejudice).

## IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion *in limine* to permit the introduction of bribery evidence as either intrinsic or admissible pursuant to Federal Rule of Evidence 404(b) at the trial in this case.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: November 11, 2026

By: /s/

Anthony T. Aminoff
Catherine Rosenberg
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Anthony.Aminoff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of November, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/
Anthony T. Aminoff
Assistant United States Attorney